## THE STATE vs. COMPTON.

*September 9 — September 23, 1890.*

CRIMINAL LAW AND PRACTICE. *(1–4) Change of venue for prejudice of judge: Jurisdiction. (5) Sending threatening letter.*

1. An order for a change of venue, which recites the filing of an affidavit of prejudice, is not invalid merely because the clerk failed to indorse upon such affidavit the fact of filing.
2. Mere delay in making an order for a change of venue — in this case for about two months after the making of an affidavit of prejudice — does not invalidate the order.
3. The mere fact that the clerk, upon a change of venue being ordered, failed to transmit with the other papers a copy of his minutes, does not prevent the change being effectual.
4. Failure to require the accused to enter into a recognizance, as provided in sec. 4682, R. S., for his appearance in the court to which the venue is changed, does not prevent that court from acquiring jurisdiction of the action; nor does any irregularity in bringing the accused into that court deprive it of such jurisdiction.
5. Sending to ladies engaged in business a letter as follows: "If you do not leave this city inside 10 days you will be tarred and feathered, now we 'mean' it, from the lovers of decent 'Citizens.' You are counted a nusants by all,"— is an offense under sec. 4380, R. S., as amended by ch. 243, Laws of 1887.

EXCEPTIONS from the Circuit Court for *Juneau* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that the defendant was arrested February 26, 1889, upon a complaint made to and

filed with a justice of the peace and a warrant issued thereon, and upon examination before the justice he was held for trial in the circuit court for Wood county; and thereupon he gave the requisite bail for his appearance at the next term of that court. That on or about May 27, 1889, the district attorney for Wood county filed an information against the defendant in the circuit court for that county, wherein it was charged in effect that said defendant did unlawfully, wrongfully, maliciously, and feloniously write, make, indite, and address to, and cause to be sent to and received by, Ella and Mary Corcoran, sisters, unmarried, then and there being, residing, and doing business in the city of Grand Rapids in said county, whose surname was then and there, in said county and city, spelled either Cochran or Corcoran, and who were then and there generally well known by said name spelled either way, a written communication in the words and figures following, to wit:

"Grand Rapids, Feby. 15, '89.

"To both of the Miss Cochrans:

"If you do not leave this city inside 10 days you will be tarred and feathered, now we 'mean' it from the lovers of decent 'Citizens.' You are counted a nusants, by all."

— for the purpose, and with the wrongful, unlawful, malicious, and felonious intent, then and there and by that means, to compel the said Ella and Mary to remove and depart from said city against their wishes and against the will of each, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin. That May 28, 1889, the defendant was duly arraigned in open court, and pleaded not guilty to the charge alleged in such information. That upon the case being called, May 29, 1889, the defendant made an affidavit of prejudice of the judge, and thereupon asked for a change of the place of trial of said action. That afterwards, and on July 27, 1889, the court thereon ordered the removal of

said cause to Juneau county. That said order recited the making and filing of said affidavit of prejudice, and the same was filed therein on that day. That all of the original papers on file, with the certificate of the clerk of the circuit court for Wood county, made under his hand and the seal of said court, July 30, 1889, were filed in the office of the clerk of the court of Juneau county, August 10, 1889. That a certified copy of the clerk's minutes was afterwards transmitted and filed in the clerk's office for Juneau county, October 10, 1889, and just previous to the trial of said cause. That the defendant having been duly called on the first day of said term of court, and having failed to appear, a warrant was thereupon issued by said court to the sheriff of said Juneau county, who thereupon and by virtue thereof arrested said defendant, and brought him in custody before said court, October 10, 1889. That upon said cause being called for trial in the circuit court for said Juneau county on said last-mentioned day, the defendant by his counsel moved the court to remand the cause back to Wood county, for the reason that it appeared from the record in said cause that the case was not properly in said circuit court of Juneau county, and that said last-named court had no jurisdiction, which said motion was then and there denied, to which ruling the defendant then and there duly excepted. That said cause was thereupon tried in the circuit court for Juneau county, October 11, 1889, and, upon such trial, the jury returned their verdict in open court, wherein they found the defendant guilty of the charge set forth in said information, which verdict was then and there entered in said court. That thereupon the said defendant then and there, upon the minutes and proceedings of said trial, gave notice of a motion to set aside said verdict and for a new trial, for, among other reasons, that the court had no jurisdiction of the action, of the defendant, or the subject matter of the action. That October 14, 1889, the said court, hav-

ing heard counsel for and against said motion, and having duly considered the same, thereupon denied said motion, to which ruling the defendant then and there excepted. That thereupon the defendant, by his counsel, then and there, before judgment and sentence, moved the court in arrest of judgment, for the reason that the communication set out in the action, for the writing of which the defendant was found guilty, does not constitute an offense under the statute. That the court, having entertained said motion, and duly considered the same, then and there denied said motion, to which ruling and decision the defendant then and there duly excepted. All of which said exceptions, having been reduced to writing in a summary mode, and presented to the court before the end of said term, and found to be conformable to the truth of the case, were allowed and signed by the judge of said court, October 14, 1889.

The *Attorney General* and *L. K. Luse*, Assistant Attorney General, for the plaintiff, argued, among other things, that the information charges an offense under sec. 4380, R. S., as amended by ch. 243, Laws of 1887. The statute of Michigan is very like our own. 2 How. Stat. sec. 9093; *People v. Braman*, 30 Mich. 460; *People v. Jones*, 62 id. 304. That of New York is somewhat similar. R. S. of N. Y. 1882, Penal Code, sec. 559; *People v. Griffin*, 2 Barb. 427. The malice required by the statute is not a feeling of ill-will towards the person threatened, but the wilful doing of an act with illegal intent. *Comm. v. Goodwin*, 122 Mass. 19; *Comm. v. Buckley*, 148 id. 27. See, also, note to sec. 4380, S. & B. Ann. Stats.; *State v. Stewart*, 90 Mo. 507; *State v. Patterson*, 68 Me. 473; *People v. Thompson*, 97 N. Y. 313; *People v. Wightman*, 104 id. 598; *Comm. v. Moulton*, 108 Mass. 307; *Comm. v. Goodwin*, 122 id. 19; 2 Whart. Crim. Law (9th ed.), sec. 1664; 2 Bish. Crim. Proc. (3d. ed.), secs. 1024 *et seq.*

*H. W. Remington*, for the defendant.

CASSODAY, J. This cause comes to this court upon exceptions allowed and signed by the trial judge, under sec. 4720, R. S. The learned counsel for the defendant contends that the circuit court for Juneau county never obtained jurisdiction of the action by reason of irregularities in the proceedings in changing the venue. It is said that there is no mark or date of filing upon the affidavit of prejudice. But the order changing the venue recites that it was filed; and if it was placed in the custody of the clerk, then it was, in law, duly filed, whether such filing was evidenced by the clerk's writing the fact of such filing upon it or not. Certainly the mere delay of the circuit court for Wood county to make the order changing the venue in accordance with the application of the defendant, as stated, did not deprive that court of jurisdiction to make the order, nor render the order less effectual when made. We must regard the order, therefore, as regularly made and entered July 27, 1889.

The statute authorized the defendant to apply for such change of venue, "in the manner provided by law for a change of venue in civil actions" (sec. 4680, R. S.); and he did so (sec. 2625, S. & B. Ann. Stats.). It thereupon became the duty of the court "to award such change," and it did. Sec. 4680, R. S. All the original papers appear to have been regularly transmitted to the clerk of the circuit court for Juneau county, July 30, 1889, and duly filed in that court, August 10, 1889. The mere fact that the clerk neglected to transmit, with the other papers, the minutes of the clerk as to the defendant's being arraigned and pleading not guilty, and the application for and the awarding of the change of venue, did not prevent such change being effectual. The defendant's affidavit of prejudice, and the order of the circuit court for Wood county changing the venue therein to the circuit court for Juneau county, vested the latter court with complete jurisdiction of the action. This being so, the court properly refused to remand the

case back to the county of Wood for want of such jurisdiction.

The statute provides, in effect, that when the court has ordered a change of venue, it shall require the accused to enter into a recognizance conditioned for his appearance in the court to which the venue is changed, and to abide the order of such court; and, in default, he shall be imprisoned, etc. Sec. 4682, R. S. Counsel contend that, because this was not done, the circuit court for Juneau county did not get rightful jurisdiction of the person of the defendant. But the trial judge has certified no objection nor exception to the manner in which the defendant's personal appearance was obtained in that court. That question, therefore, is not before us for consideration. Had the defendant voluntarily appeared in the trial court to answer the information, no one would have questioned the jurisdiction of that court to have tried him. That court, therefore, as we have seen, had complete jurisdiction of the action; and there is much force in the argument of the attorney general to the effect that the court, having jurisdiction of the action, could make it effectual by coercing the personal presence of the defendant. But, assuming that the defendant was irregularly brought into the trial court, yet that did not deprive that court of jurisdiction to proceed with the trial, nor furnish any reason for arresting the judgment. Besides, as indicated, the question as to whether there was such irregularity is not before us for review.

The statute also provides that when a change of venue is ordered the court shall recognize the witnesses, etc. Sec. 4683, R. S. But no one would claim that a failure to do so would deprive the court to which the venue is changed of jurisdiction to try the offender. Such order respecting the witnesses, and such order respecting the recognizance and appearance of the offender, are only required when the venue has in fact been changed, and not as conditions pre-

cedent to, nor as essential to, the change itself. In other words, such orders are not required to give jurisdiction of the action to the court to which such venue is changed, but to aid and render effectual such jurisdiction after such change is made.

It is, moreover, contended that the information fails to charge the defendant with the commission of any offense under sec. 4380, R. S., as amended by ch. 243, Laws of 1887. This statute is to the effect that any person who shall, by any written or printed communication, maliciously threaten to do any injury to the person, business, or trade of another, with intent to compel the person so threatened to do any act against his will, or omit to do any lawful act, shall be punished, etc. It is contended, in effect, that the defendant, in sending the communication found in the foregoing statement and upon which this prosecution is based, did not threaten to do either of the acts therein mentioned himself, but merely informed the two ladies named what somebody else intended to do if they did not leave the city within the time therein named. In the learned note to the section by Sanborn & Berryman, cases are cited holding in effect that "the crime may be committed by one who sends a letter conveying a threat of some other person to do the forbidden acts, provided he sends the letter for the unlawful purpose mentioned." *People v. Thompson*, 97 N. Y. 313. "The malice required by the statute is not a feeling of ill will towards the person threatened, but the wilful doing of the act with the illegal intent." *Comm. v. Goodwin*, 122 Mass. 35. Under these authorities, it would seem the information charges an offense, even if the communication were capable of the construction contended for by counsel. But we think the communication is fairly capable of being construed to the effect that the sender or senders would execute the threat unless the ladies left the city within the time named. It, in effect, therein declared that the ladies

named were counted a nuisance by all the citizens of the city. It purported to be sent by the lovers of decent citizens. It informed the ladies named that, unless they left the city within the time mentioned, they would be "tarred and feathered," and added, "*Now we mean it.*" There can be no question but what the information charged an offense under the statute in question.

*By the Court.*— The exceptions certified are all overruled, and the cause is remanded for further proceedings according to law.

