RUFUS P. EATON & WILLIAM ROBERTS, *Plaintiffs in Error,*

*vs.*

GEORGE H. WHITE, *Defendant in Error.*

ERROR TO THE FOND DU LAC CIRCUIT COURT.

In an action of trespass *de bonis asportatis,* if the defendant wishes to justify on the ground of a sale and transfer fraudulent as to creditors, he must first show his relation as creditor.

A sale of goods made to hinder, delay, or defraud creditors, is void as to them, but good between the parties, and creditors only can impeach it.

A writ of fi. fa. is not of itself sufficient evidence of indebtedness.

Where a person is appointed special deputy by the sheriff, to serve a particular writ, in an action against him it is necessrry for him to prove his special authority. Proof that he was acting as a public officer in that particular instance, is not sufficient.

A party of record cannot be rendered a competent witness by an offer to indemnify him against the consequences of the suit.

A merely nominal party is sometimes admitted as a witness, but only when it is obvious that he has no interest in the event of the suit, and when he is not liable for costs, or is released therefrom by the act of the party in interest, or by operation of statute.

The statement of this case is fully given in the opinion of the court, and it is not deemed necessary to repeat it.

*R. P. Eaton,* for the plaintiffs in error.

*J. C. Truesdell,* for the defendant in error.

*By the Court,* SMITH, J. The defendant in error declared in the court below against the defendants in error, in a plea of trespass *de bonis asportatis,* to wit : ten barrels pearl ash, ten barrels potash, six thousand pounds of salæratus, and one colt, value, &c.

The defendants pleaded the general issue, and gave notice of matter of justification, by virtue of a levy under an execution against George White, the father of the plaintiff below.

The cause was tried by a jury at the October term, 1852, when the plaintiff proved, that the pearl ash and salæratus mentioned in the declaration, were manufactured by the plaintiff; that he employed the help, and bought the materials by which the same was made. That the colt seized was the foal of a mare which the plaintiff had purchased of his father, George White, something like a year before the levy was made, and before she foaled; and the same witnesses also proved the possession of the property by the plaintiff below at the time of the levy, and the taking by the defendants, and the value of the property taken to be $275.16.

The defendants then made several offers of evidence which they claimed, proved, or tended to prove, a fraudulent transfer of the property to the plaintiff, by G. White; which were rejected by the court, and exception taken; but it is unnecessary to state them in detail, as the decision turns upon other points.

The defendants then offered in evidence a certain writ of *fi. fa.* issued out of the Circuit Court of Fond du Lac county, at the suit of Frederick F. Davis against George White and Amzy L. Williams, with the return endorsed thereon, and signed by William Roberts, special deputy sheriff, and also the following deputation endorsed on said writ:

"*Fond da Lac County, ss:*—William Roberts is hereby appointed special deputy to serve the within *fi. fa.,* provided he shall receive a sufficient bond of indemnity to protect me from all costs in conse-

DEC. TERM
1853.

Eaton and
Roberts
*vs.*
White.

quence of the aforesaid Roberts' acts as special deputy. "F. D. McCARTY, *Sheriff.*

"Nov. 26th, 1852."

After the reading the said execution, deputation and return, the counsel for the plaintiff objected to the sufficiency of the proof to maintain the defence, on the ground that the defendants had not proved that Roberts had taken the bond of indemnity named in the proviso in the deputation.

The defendants insisted that, inasmuch as Roberts was acting as a public officer, the law presumes he was legally qualified until the contrary appears. But the judge charged the jury, that unless the defendants did show that the said Roberts had received a bond of indemnity as required by the said proviso, " the said deputation, return and endorsements were not sufficient to maintain the said defence."

The defendants then offered to prove by the defendant Roberts, that he did receive such a bond, in compliance with the proviso; but to this offer the plaintiff objected, on the ground that Roberts was a party to the record, and interested in the event of the suit; and to meet this objection to the competency of Roberts, the defendants offered to prove that the sheriff of the county had a bond amply sufficient in amount and sureties, and conditioned to indemnify him and his deputies from all damages they might suffer in consequence of said levy. But the court rejected both offers; to which the defendants excepted; and the court charged the jury that if the proviso in said deputation endorsed upon the execution had not been complied with, the defendant had no authority to act under it; that it was the duty of the defendants to produce the bond, if any had been given,

and their failure to do so made it the duty of the jury

to disregard and reject said deputation and endorsements, and not to consider them in making up their verdict. Also, that if the defendant Roberts had not complied with the condition attached to his appointment as a special deputy, then the defendants had no justification for taking the property, although it were, in fact, the property of George White, and in that case, the verdict must be for the plaintiff. But in case this instruction were erroneous, the plaintiff's right to recover would depend upon his title to the property, and therefore the jury were instructed to find especially, whether the property in controversy was the property of George White or of the plaintiff. To all which the defendants excepted.

The jury returned that the title of the property was in the plaintiff, and found for him for the sum of $310.10 damages. Judgment was afterwards entered for $275.76.

It is unnecessary to notice the several offers on the part of the defendants below, of evidence calculated to invalidate the sale to the plaintiff below, for none but the creditors of George White could be permitted to attack it. It was therefore necessary for the defendants below to place themselves in that relation by competent proof, before evidence to prove the title and possession of the plaintiff fraudulent and void, as against the creditors of George White, could be received.

The bill of exceptions does not disclose any proof of the indebtedness of George White to the plaintiff in the execution, except the writ of *fi. fa.*, which was not sufficient. This must be decisive of the case; yet as another point is made prominent in the case, we

Dec. Term
1853.

Eaton and
Roberts
vs.
White.

proceed to consider it. The defendant undertakes to justify the taking of the property as special deputy sheriff of Fond du Lac county, under and by virtue of a special deputation by the sheriff of the county, and by virtue of the execution which he claims he was thus specially deputed to serve. He does not claim authority by virtue of any general appointment, but only as special deputy for the performance of the particular act which is the subject matter of this action. It was therefore necessary for him to show that special authority. Proof that he acted as a public officer in that particular instance is not sufficient. If it were, any assumption of official authority might be justified.

The only offer of the defendants to show a compliance with the proviso annexed to the written deputation, was by the testimony of Roberts himself. Objection was of course made to his competency, on the ground that he was a party to the record ; but to obviate the objection, they offered to show that the sheriff and his deputies were indemnified against all damage or harm in consequence of the levy ; or, in other words, endeavored to show that Roberts had no real interest in the suit, on account of indemnity held by the sheriff. There was no offer to show by any other person that Roberts had in fact taken the bond required.

A party of record cannot be rendered a competent witness by indemnifying him against the consequences of the suit. It is true, that sometimes a merely nominal party to the record, who has in fact no interest in the event of the suit, has been permitted to testify. Such are the cases cited by the plaintiff in error ; but they have no analogy to this case. It was impossible,

DEC. TERM
1853.

Eaton and
Roberts
vs.
White.

by any bond of indemnity or other contrivance, except discontinuance as to him, to divest Roberts of his legal, direct and immediate interest in the suit to which he was a party. The court was right, therefore, in excluding the evidence offered with a view to remove the objection to the competency of Roberts as a witness; and this leaves the parties defendant standing upon their execution and the deputation alone. That is the very foundation of the defence; and if it fails, the evidence, and the ruling of the court upon the validity of the transfer of any of the property to George White, is wholly immaterial. If Roberts had no authority to execute the writ, whatever might have been the fraudulent transaction between the father and son, if any there were, the defendants could derive no advantage therefrom.

The simple question then is, did the court below err in the instructions given to the jury in regard to the deputation of Roberts, and the necessity, on his part, of proving a compliance with the proviso contained in the written deputation.? We think not.

The taking of a sufficient bond of indemnity was a condition precedent. Until that was complied with, no authority was delegated to Roberts; nor would the law presume in his favor, that he had performed the condition necessary to vest his authority.

Whether or not, as between third parties, such presumption might obtain, it certainly cannot when he is the party complained against; and his very acts under such assumed authority constitute the sole cause of the action, and the validity of the authority, the *sine qua non* of his justification. It was therefore incumbent on him, and those who would justify under him, to show a compliance with the proviso or condi-

Dec. Term
1853.

Eaton and
Roberts
*vs.*
White

tion on which his authority depended. Failing to do this by any competent evidence, he and his co-defendants stood in the position of naked trespassers, and the possession of the plaintiff below was sufficient to authorize the finding of the jury and the judgment of the court.

The judgment of the Circuit Court is therefore affirmed, with costs.