MORAN, Appellant, vs. MORAN, Respondent.

*June 1—June 23, 1920.*

*Divorce: Opening judgment of divorce: Insanity of wife at time
of trial: Subsequent recovery: Appealable order.*

1. An order vacating a judgment of divorce and granting a new
   trial in the action is an appealable order within sub. (3), sec.
   3069, Stats.
2. The statutory powers of the court over judgments of divorce
   are to be liberally exercised, and in a proceeding by a wife
   against her husband to procure the vacation of a judgment of
   divorce within one year after its rendition, the fact that the
   wife was mentally incompetent when the action was tried
   but was subsequently restored to sanity is persuasive ground
   justifying the trial court in reopening the case.

APPEAL from an order of the circuit court for Milwaukee
county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

The appeal is from an order vacating and setting aside the
judgment of divorce entered in the action on December 20,
1918.

Plaintiff brought this action for absolute divorce on the
grounds of cruel and inhuman treatment by personal service
of the summons and complaint on the defendant June 18,
1918. On July 8, 1918, Hugo J. Trost, attorney for the
defendant, was appointed her guardian *ad litem,* and on
July 10, 1918, he interposed an answer in her behalf plead-
ing a general denial and alleging, among other things, that
the defendant was then confined to the county hospital for
the insane.

The action was tried before the court. Plaintiff appeared
in person and defendant appeared by her attorney and
guardian *ad litem.* The state was represented by the assist-
ant district attorney as divorce counsel. Judgment of
absolute divorce was entered on December 20, 1918, the
findings and judgment being approved by the assistant dis-
trict attorney as divorce counsel.

On December 15, 1919, an application, based on affidavits of the defendant and her attorney and guardian *ad litem*, was made to have the judgment of divorce vacated and set aside on the following grounds: (1) that at the time of the entry of the judgment defendant was an inmate of the hospital for the insane; (2) that she is in destitute circumstances and solely dependent on her brothers for support and maintenance; and (3) that she has a good defense to this action.

The application was heard on December 18, 1918, and an order entered vacating and setting aside the judgment of divorce and granting a new trial. This is an appeal from such order.

· The cause was submitted for the appellant on the brief of *Lorenz & Lorenz* of Milwaukee, and for the respondent on that of *Hugo J. Trost* of Milwaukee.

SIEBECKER, J.   It is contended that the order sought to be reviewed is not an appealable order.   The order grants a new trial of the action and hence is an order appealable to this court under the provisions of sub. (3), sec. 3069, Stats.

The claim is made that the trial court erred in awarding a new trial. Sec. 2374, Stats., provides:

"1. When a judgment of divorce from the bonds of matrimony is granted so far as it affects the status of the parties it shall not be effective until the expiration of one year from the date of the entry of such judgment; . . .

"2. So far as said judgment affects the status of the parties the court shall have power to vacate or modify the same for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within one year from the entry of such judgment, provided both parties are then living. . . . If the judgment shall be vacated it shall restore the parties to the marital relation that existed before the entry of such judgment."

It is declared in *White v. White,* 167 Wis. 615, 168 N. W. 704, respecting these statutory provisions:

"It is evidently the declared purpose and policy of these

statutes that until such year has passed the court still has absolute control, and up to the last moment, over the question whether the party seeking a divorce is entitled thereto."

This broad power of the court is to be liberally exercised in the administration of the laws of divorce. The grounds shown for vacating the judgment in this case are substantial and meritorious. The fact that defendant was mentally incompetent when the action was originally tried and is now mentally restored so that she is enabled to appear and testify, is a very persuasive ground justifying the trial court in reopening the case within the year and giving her a hearing. It is considered that the order vacating the judgment and directing a retrial of the issues is well founded and cannot be disturbed.

*By the Court.*—The order appealed from is affirmed.