STATE OF FLORIDA, ex rel., F. S. & H. W. HARRISON, et al., *Relators,* v. HON. GEORGE W. WHITEHURST, as Circuit Judge of Charlotte County, Florida, *Respondent.*

146 So. 589.

En Banc.

Opinion filed February 27, 1933.

*D. R. Peacock.* for Relators;

*Thomas W. Butler* and *W. W. Sinclair,* for Respondent.

PER CURIAM.—A *rule nisi* in prohibition was issued by this Court against Hon. George W. Whitehurst, as Judge of the Circuit Court of Charlotte County, to show cause why a writ of prohibition should not be issued out of this Court to restrain him as Circuit Judge, from further judicially acting in a pending cause wherein F. S. & H. W. Harrison are plaintiffs and W. E. Bryan, et al., are defendants.

The points of law presented for decision by the Judge's return to the *rule nisi* are these: (1) Many a Circuit Judge who has entered an order of disqualification in a pending case under any circumstances revoke such order and reassume jurisdiction of the cause; (2) Were the circumstances in the case now before the Court sufficient to warrant the revocation of the Circuit Judge's order of disqualification on the ground that the order had been inadvertently made, based upon the judge's misapprehension of the basic facts upon which the order of disqualification was founded.

It is obvious that if the first point is decided in the negative, a decision as to the second point is unnecessary.

The record shows the following proceedings with reference to the disqualification of Judge Whitehurst. On September 12, 1932, Judge Whitehurst made and entered in the cause an order of disqualification reading as follows:

" 'The petition and suggestion of disqualification of Judge George W. Whitehurst, read and considered and it appearing that the undersigned is Judge of the Circuit Court of Charlotte County, Florida, and is a brother of W. W. Whitehurst, counsel of record for the defendants, W. E. Bryan and I. R. Colvert, do hereby certify that I am disqualified to hear and determine the matters in the above cause upon the suggestion and objection of counsel of the plaintiffs filed in the cause this date.

" 'DONE AND ORDERED at Ft. Myers, Florida, in the 27th Judicial Circuit, this the 12th day of September, A. D. 1932.

" 'GEO. W. WHITEHURST,
" 'Judge.' "

On December 27, 1932, after the Judge of an adjoining Circuit had entered certain orders in the case on his assumption of jurisdiction to act because of Judge Whitehurst's order of disqualification, the defendants in the case filed a motion before Judge Whitehurst asking that he vacate his order of disqualification previously entered on September 12, 1932, which Judge Whitehurst did by an order reading as follows:

"Upon consideration of this motion and argument of respective counsel in this cause orally and by brief:

"This Court is of opinion that the order entered September 12th, 1932, was void and that the subsequent orders and decrees are likewise and for that reason null and void.

"Therefore, the motion is granted and order of Sept. 12, 1932, and all subsequent orders and decrees in this cause are vacated, set aside and stricken from the record.

"DONE AND ORDERED Chambers Ft. Myers, December 27th, 1932.

"GEO. W. WHITEHURST, Judge."

In Merchants Bank & Trust Co. v. Rowe, Judge, 100 Fla. 846, 131 Sou. Rep. 218, this Court declared that it was committed to the doctrine that when a Judge is once *disqualified to officiate* in a cause pending, the disqualification continues throughout the proceedings in the cause.

In another case involving the alleged disqualification of a Judge under Chapter 10165, Acts of 1925, we said that a Chancellor of another Circuit acquired jurisdiction to act in a pending case, *whenever a disqualification order was entered* under Chapter 10165, *supra,* by the Judge whose qualification to proceed had been challenged. This meant, as was there said, that the challenged Judge had the legal right to determine whether all the prerequisites of the statute disqualifying him, had been complied with. We also said in that case that the absence of a showing of disqualification of the resident Judge in the record would work a reversal of orders made in the case by an outside Judge pursuant to Section 4348 C. G. L., 2681 R. G. S. See Stearns v. Stearns, 106 Fla. 440, 143 Sou. Rep. 642.

In Brownlee v. State, 95 Fla. 775, 116 Sou. Rep. 618, text 623, this Court said:

"If any party is dissatisfied with the action of a trial Judge in declaring himself disqualified, he must make timely objection and report to his proper remedy or else he will be considered as having waived his objection."

This same principle had been previously declared in Sommers. v. Apalachicola Northern R. Co., 85 Fla. 9, 96 Sou. Rep. 151, where the Court said:

" 'The parties complainant and defendant have proceeded throughout this litigation until the case came on for final hearing upon motion and notice to complainants by defendants before the Judge of the 14th Judicial Circuit, upon the theory that the certificate of disqualification of the Judge of the 2nd Circuit is sufficient in substance to show dis-

qualification. .Both parties have so construed the certificate in making applications to other Circuit Judges for interlocutory orders in the case. .Neither of them will now be permitted to question it, but will be held to have waived defects, ·if there are such, and upon elementary principles of justice,estopped from questioning its sufficiency. Finley v. Chamberlain, 35 So. 1, 46 Fla. 581; Warren v. Warren, 75 So. 35, 73 Fla. 764.' ".

Under Chapter 10165, Acts of 1925, in cases where disqualification of the judge exists solely because of his relationship by consanguinity or affinity to the *attorney* of a party to the cause, the actual disqualification of the judge to continue to act in the case where the disqualifying cause exists, depends upon two principal things: (1) the Judge's being challenged on this specially authorized statutory ground, and (2) his judicial acknowledgment and certification of the propriety of the challenge in law and in fact, by his entering an order reciting the facts and certifying his disqualification, as having arisen out. of the invocation by a party of this particular phase of the statute. In *fine,* the statute is in legal effect a statute permitting a party to peremptorily challenge a Judge for certain causes that upon being insisted upon, disqualifying him thereafter to proceed in the face of a challenge made of record. But the statute only disqualifies the Judge from and after the time the challenge is appropriately made of record. And when timely made it is mandatory that it be recognized by the challenged ·Judge by his entry of an order based on the statute; The statute prescribes no disqualification *per se.* And as the statute says in terms, the particular disqualification there provided for, may be waived, and is to be deemed waived if not properly raised on the record.

In the case now before us, Circuit Judge Whitehurst decided that he had been properly challenged under Chapter

10165, Acts of 1925 (Section 4152 C. G. L., 2525 R. G. S., as amended) and was therefore disqualified to hear the case on and after the date his disqualification order was entered, which was on September 12, 1932. It was too late for him to undertake to review and reverse his own order of disqualification after the expiration of the time allowed for filing a petition for re-hearing, the order having been made in a chancery cause. This is especially true when it appears that after the disqualifying order was made another Circuit Judge had assumed jurisdiction in his stead, based on such order, and had made several orders in this cause, without objection by either of the parties to the suit.

The order made by Judge Whitehurst on September 12, 1932, recites facts, which if true, are sufficient in law to invoke the provisions of the statute upon which that order purported to be predicated. It was not void, though it may have been iregularly entered because the facts did not require it. But the facts were matters *in pais*, and the recitals of the order were conclusive as to such facts when the time for setting aside the order on a timely petition for re-hearing had passed, because after that time the order was not subject to collateral attack, even before the Judge who entered it. It was capable of being reviewed only by direct appeal, or by a proceeding in mandamus instituted before a court of superior jurisdiction for the purpose of having the order set aside as being unauthorized under the statute.

This Court has held that the remedy of mandamus is available to have unauthorized orders of a Judge made by him without jurisdiction, eliminated from the record, so that justice may be administered according to law in a pending judicial proceeding where the remedy by appeal does not exist, or is not adequate. State ex. rel. Melbourne

State Bank v. Wright, Judge, 107 Fla. 178, 145 Sou. Rep. 598.

From what has been said it follows that a writ of prohibition absolute must issue in the case, and it is so ordered.

Writ of prohibition absolute ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.