GOODMAN, Respondent, vs. WISCONSIN ELECTRIC POWER COMPANY and others, Appellants.

*October 19—November 20, 1945.*

For the appellants Wisconsin Electric Power Company, the Milwaukee Electric Railway & Transport Company, James D. Shaw, Sylvester B. Way, Harold S. Falk, Lawrence F. Seybold, Gould W. Van Derzee, Roy H. Pinkley, and William W. Coleman there were briefs by *Martin R. Paulsen* and *Van B. Wake,* both of Milwaukee, and oral argument by *Mr. Paulsen.*

For the appellant General Electric Realty Corporation there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Edward H. Borgelt* of counsel, all of Milwaukee, and oral argument by *Mr. Borgelt.*

For the appellant Kenosha Motor Coach Lines, Inc., there was a brief by *Thompson, Myers & Helm* of Racine, and oral argument by *Samuel P. Myers.*

For the appellant George H. Tiernan there was a brief by *Lecher, Michael, Spohn & Best,* attorneys, and *Herman E. Friedrich* of counsel, all of Milwaukee, and oral argument by *Mr. Friedrich.*

For the respondent there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt.*

BARLOW, J. Plaintiff moved· to dismiss this appeal for the reason that it is not an appealable order. Sec. 274.33 (3), Stats., designating appealable orders, includes an order granting a new trial. While this does not mean that every order granting a new trial is appealable, when issue has been joined and judicial examination of the issues between the parties has been had and judgment entered thereon, a substantial right has been obtained by the successful party. An order vacating such judgment and granting a new trial affects this substantial right and prevents a judgment from which an appeal might be taken so as to review the order of the court. *Moran v. Moran* (1920), 172 Wis. 59, 178 N. W. 248. It is considered this is an appealable order.

The next question involved is whether the trial judge is without jurisdiction to hear and determine a stockholder's derivative action where the judge's wife, at the time of the commencement of the trial, owns in her own right shares of preferred stock in a corporation that is not a party to the action but is a subsidiary of the corporate defendant. This requires an examination of the nature of the action and the statutes involved.

For the purpose of convenience the Wisconsin Electric Power Company will hereinafter be referred to as "power company," and Milwaukee Electric Railway & Transport Company as "transport company," and Wisconsin Gas & Electric Company as "electric company."

The plaintiff, E. M. Goodman, a stockholder of the Wisconsin Electric Power Company, in the right of the power company, on his own behalf, and on behalf of all other stockholders of said company, brings this action against the directors of the power company and the directors of the transport company and other persons who were interested in the transactions alleged to have been wrongful, setting forth six causes of action, the fifth of which charged the respective directors with unlawfully selling property of the electric company by virtue of the electric company being a subsidiary and under the complete domination and control of the parent power company, defendant, and its directors, thus causing a material loss to the parent company. The relief prayed for is that the director defendants and purchaser defendants account for and pay over to the power company and transport company any losses and damages suffered by said companies by reason of the unlawful acts of the defendants. Nowhere in the complaint is there any charge of wrongful conduct on the part of the directors or officers of the electric company, nor is the electric company a party defendant. The fifth cause of action is the only one affecting any property of the electric company, and the complaint generally alleges that the defendant directors, while in control of the electric company (a subsidiary of and under the complete domination and control of the power company) sold and conveyed the properties known as the local transportation system in the city of Kenosha, being a trackless trolley line, to Kenosha Motor Coach Lines, Inc., at a price which is unknown to the plaintiff, with an insignificant down payment but at a substantial loss to the stockholders of the selling company, which sale was made for an illegal purpose.

At all times during the pendency of the action, the electric company had outstanding 33,425 shares of preferred stock, four and one-half per cent series of the par value of $100 per share, with an aggregate par value of $3,342,500, and 300,000 shares of common stock with an aggregate par value of $6,000,000. All the common stock, including directors' quali-

fying stock, was owned beneficially by the power company and the preferred stock, of which the wife of the presiding judge owned 12 shares, was at all times in the hands of the public and owned by approximately two thousand four hundred different holders.   At no time in the year 1945 did the electric company own or control any stock, common or preferred, or hold any interest in any defendant company.

It is by virtue of the ownership of these 12 shares of preferred stock in the electric company by the wife of the trial judge that plaintiff contends the trial judge was disqualified to try the action under the provisions of sec. 256.19, Stats., which provides as follows :

*"Judges disqualified, when.*   In case any judge of any court of record shall be interested in any action or proceeding in such court or shall have acted as attorney or counsel for either of the parties thereto such judge shall not have power to hear and determine such action or proceeding or to make any order therein, except with the consent of the parties thereto."

Sec. 261.06, Stats., reads as follows :

*"Change of venue if judge disqualified by interest.*   When the judge is a party or interested in any action in his court or is related to or has been of counsel for either party, the court or the presiding judge thereof shall, upon application of either party, and may without such application, change the place of trial or call in another judge as provided in section 261.08. The fact that the judge is a taxpayer does not disqualify him."

The case was heard by the court without a jury, and after eleven and a half weeks of trial the trial judge filed findings of fact and conclusions of law in favor of the defendants and dismissing plaintiff's complaint.   Judgment was entered accordingly on May 1, 1945.   June 26, 1945, pursuant to an order to show cause, plaintiff made a motion to vacate and set aside the findings of fact, conclusions of law, and the judgment for the reason that the trial judge was disqualified to try said

action under the provisions of sec. 256.19, Stats., or in the alternative for a new trial in the interests of justice. An order was entered July 25, 1945, vacating and setting aside the findings of fact, conclusions of law, and judgment as void, on the ground that the trial judge was disqualified to hear said action. In its written decision upon plaintiff's motion to vacate the judgment and grant a new trial, the court stated: "It is with the deepest conviction that the court states that he believes plaintiff has had a fair trial," and in its formal written order it is recited that the court determined it was deprived of jurisdiction by virtue of the provisions of sec. 256.19 of the Wisconsin statutes, and "that there is no other ground upon which plaintiff is entitled to have the court vacate the judgment and grant a new trial." Prior to filing the motion to vacate the judgment and grant a new trial, a conference on the proposed motion was had in the chambers of the trial judge by the attorneys in the action and the trial judge. The official court reporter was present and took down in shorthand statements that were made. At that conference one of plaintiff's attorneys, who was active in the trial of the case, stated among other things: "There is no actual prejudice claimed on the part of the trial judge, and that the motion under sec. 256.19 is based solely on a jurisdictional question."

The facts are undisputed, so the disqualification of the trial judge is a question of law. *Evans v. Superior Court,* 107 Cal. App. 372, 290 Pac. 662. The order of a circuit judge disqualifying himself is reviewable upon appeal. *State ex rel. Harrison v. Whitehurst,* 108 Fla. 465, 146 So. 589. The undisputed facts in this case are that the trial judge had no stock or property rights in any corporation that was a defendant in the action or in any corporation named in the complaint, and the wife of the trial judge owned no stock in any defendant corporation in this action. The only stock she owned was 12 shares of the preferred stock in the electric company, a subsidiary of one of the defendant corporations, the power com-

pany. Can it now be said that the trial judge had such an interest in the action as to disqualify him under sec. 256.19, Stats.?

In *Reg. v. Handsley,* L. R. 8 Q. B. Div. 383, 15 English Ruling Case, 87, it was held this interest must be such a substantial interest in the result of the hearing as to make it likely that the trial judge has a real bias in the matter. The rule stated in 33 C. J., Judges, p. 994, sec. 137, is "The interest must be a direct, real and certain interest in the subject matter of the litigation; not merely indirect, or incidental, or remote, or contingent, or possible." And in 30 Am. Jur., Judges, p. 773, sec. 57, the following rule is announced: "To work a disqualification, the interest must be a direct, certain, and immediate interest, and not one which is indirect, contingent, incidental, or remote." In *Hungerford v. Cushing* (1853), 2 Wis. *397, this court said that the interest of the judge which constitutes a reason for changing the venue must be a pecuniary interest.

There are no facts in this case to show any interest on the part of the trial judge which would disqualify him, unless he can be charged with having an interest by reason of the investment by his wife. The language of sec. 256.19, Stats., refers only to the interest which the judge must have in order to be disqualified. Sec. 261.06, providing for a change of venue if the judge is disqualified, provides a change of venue when the judge is "a party or interested in any action in his court or is related to or has been counsel for either party." The ownership of preferred stock by the wife of the trial judge in a corporation that was not a party to the action cannot be said to establish a relationship between the trial judge and any party to the action, even though said corporation was a subsidiary of one of the defendants. In Wisconsin married women are as free in their right to own and control property as unmarried women and as men. Secs. 6.015, 246.07, Stats.; *Wait v. Pierce* (1926), 191 Wis. 202, 209 N. W. 475, 210 N. W. 822.

It is a general proposition that a stockholder of a corporation is not a party to a suit merely by reason of the corporation being an actual party, and consequently a judge is not disqualified to hear the suit by reason of his relationship to the stockholder. 8 A. L. R. 295; 110 A. L. R. 472.

The purpose of the statutes involved is to provide a fair and impartial trial, which is the constitutional right of every litigant. In order to defeat this purpose the interest of the trial judge must be pecuniary and real, rather than indirect and remote. The corporation in which the wife held preferred stock not being a party to the action, it is considered the trial judge had no interest which would disqualify him under sec. 256.19, Stats.

*By the Court.*—Order reversed, and cause remanded with directions to reinstate the findings of fact, conclusions of law, and judgment heretofore entered in this action.

FAIRCHILD, J., took no part.