DAVIS, Plaintiff in error, v. STATE, Defendant in error.

*January 10—January 31, 1967.*

For the plaintiff in error there was a brief by *Philip L. Padden,* attorney, and *Herbert S. Bratt* of counsel, both of Milwaukee, and oral argument by *Mr. Padden.*

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

GORDON, J. Upon this appeal Mr. Davis argues that statements given by him were involuntarily induced at a time when he was without the benefit of counsel. The trial court took extensive testimony and determined that his admissions "were freely made by him, without threats, inducement of promises, or coercion of any kind whatsoever." The trial court also concluded that the defendant "had a right to counsel, that he knew of such right and that he had been generally advised of such right." We have carefully examined the record and find that the aforesaid conclusions are not against the great weight and clear preponderance of the evidence and must therefore be affirmed. *State v. Carter,* ante, pp. 80, 90, 91, 146 N. W. (2d) 466.

Mr. Davis relies on *Massiah v. United States* (1964), 377 U. S. 201, 84 Sup. Ct. 1199, 12 L. Ed. (2d) 246, to support his claim that he was unconstitutionally deprived of his right to counsel. In *Massiah* the accused was tricked or misled into confessing, but these factors are not present in the case at bar. See *State ex rel. Goodchild v. Burke* (1965), 27 Wis. (2d) 244, 133 N. W. (2d) 753.

The defendant also charges that there was a violation of due process under the doctrine of *Phillips v. State* (1966), 29 Wis. (2d) 521, 139 N. W. (2d) 41. The latter case related to so-called "sew-up" confessions wherein an accused has been interrogated for a long period of time before being brought before a magistrate.

In *State v. Carter,* ante, pp. 80, 97, 146 N. W. (2d) 466, this court held that the rule of *Phillips* would apply only to cases in which the trial commenced after the date of that decision, which was January 7, 1966. The trial in the case at bar occurred before that date, and hence the *Phillips Case* is inapplicable.

*By the Court.*—Judgment affirmed.