PETERMAN, Plaintiff in error, v. STATE, Defendant in error.

*June 9—June 30, 1967.*

For the plaintiff in error there was a brief and oral argument by *James E. Shapiro* of Milwaukee.

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

HANSEN, J.   The issue before this court is: Under all of the circumstances in this particular case, was the statement of the defendant properly admitted into evidence at the trial?

The defendant's attorney made no objection in the trial court to the admission of the statement which is now challenged on appeal. This court stated in *Holloway v. State* (1966), 32 Wis. (2d) 559, 568, 146 N. W. (2d) 441, and therein citing *Henry v. Mississippi* (1965), 379 U. S. 443, 85 Sup. Ct. 564, 13 L. Ed. (2d) 408, that an objection is not necessary to preserve the question of constitutional violation in the obtaining of confessions. However, this court has also determined that such constitutional questions, if they should exist, are not considered by this court where trial counsel declined to object to their admission at the time of trial for strategic or tactical reasons. *Holloway v. State, supra; State ex rel. Goodchild v. Burke* (1965), 27 Wis. (2d) 244, 265 *et seq.*, 133 N. W. (2d) 753.

During the trial, the defense specifically stipulated to the admission of the confession and as to its voluntariness. An examination of the record reflects that during the trial and on September 30, 1964, the state's attorney stated to the court that he had a statement he would like to have counsel for the defendant look at. Defendant's counsel had not seen the statement before, so the court then excused the jury until 9:30 a. m. the following morning. Then in the absence of the jury, arrangements were made for counsel for the defendant to have a copy of the statement overnight, and among other things, an opportunity to discuss it with his client.

The record reflects that the following morning by oral stipulation of counsel, the statement was admitted into evidence without objection. The record reflects also that counsel for the defendant had conferred with his client about the statement. In addition to the oral stipulation, the court very carefully and specifically inquired of counsel for the defendant as to the voluntariness of the statement, and was advised by counsel in the presence of his client that there was no question as to the voluntariness of the statement. The record also reflects that the trial court inquired of counsel for the defendant on

several occasions and in the presence of the defendant as to whether it was a free and voluntary statement of the defendant, and on each occasion the trial court was informed that it was such a statement.

On the motion for a new trial, the trial court was confronted with the challenge as to the admissibility of the statement and made the following findings a matter of record in support of its denial for the motion for a new trial:

"I want the record to show that Mr. Philip Murphy has appeared in this court countless number of times. I am not even prepared to estimate if I were required. To estimate I would say that he has appeared here not less than one hundred times in this branch, I am just guessing, and this hasn't been a matter of a remote appearance ten years ago; this is a matter of current appearance, representing oftentimes the office of Eisenberg & Kletzke, and I am not ascribing his full open waiver in open court and stipulation that the instrument could be received and that it was voluntary to any kind of ignorance of the rights of the defendant as to a full inquiry concerning the constitutional basis of the statement and it was legally that kind of an admission against interest.

"Obviously the State, on the basis of the information, the evidence that was later adduced, could have succeeded in getting the statement in on a preliminary examination in the absence of the jury, and it may have been calculated that it was much better to avoid any contest on that issue and freely admit that this was made by the defendant.

"The defendant then takes a different position on the witness stand, he denies making it, denies first of all the recollection about it and if he did make it it wasn't true, and then we have finally his affidavit in which now he remembers making the statement, typical of the resoursefulness [sic] of a well seasoned inveterate habitue of our criminal courts, he is trying to have his cake and still eat it."

The stipulation as to the admissibility and voluntariness of the confession was entered into knowingly and

deliberately by the defendant's attorney who was experienced in the trial of criminal cases and was therefore properly received in evidence and made a part of the record.

The defendant also now challenges the admissibility of his confession for the reason that his constitutional rights were violated under the principles set forth in *Escobedo v. Illinois* (1964), 378 U. S. 478, 84 Sup. Ct. 1758, 12 L. Ed. (2d) 977.

This court has restricted *Escobedo, supra,* to its facts and stated that the constitutional rights of an accused are violated under *Escobedo, supra,* only if he requests counsel and his request is denied. *Neuenfeldt v. State* (1965), 29 Wis. (2d) 20, 138 N. W. (2d) 252.

The defendant does not dispute the fact that there is a complete lack of any testimony at the trial indicating that he requested and was denied counsel; rather he submits a post-trial affidavit alleging requests for counsel and denial thereof. This strategy was recently found wanting in *Holloway v. State, supra,* where this court held (p. 565):

"In his attempt to exclude the confession by coming within the *Escobedo* doctrine, in a post-trial affidavit Holloway alleged that he made known his desire to contact counsel. He also argues that his testimony was that he was not told of his right to remain silent, and this refutes the testimony of the police officer. Abuses of criminal process, not in the record, cannot be reviewed by our supreme court on writ of error. Holloway cannot raise the *Escobedo* problem by inserting an essential element of that defense—the request for counsel—into the record by a post-trial affidavit . . . ."

The trial court found that the statement of defendant was "voluntarily made." The defendant, by his counsel, in open court and in the presence of the defendant, so stipulated. The trial court further found that the state-

ment "met the Fourteenth amendment standards, and was not constitutionally contaminated and was legally admissible." An examination of the record reflects that these findings are well supported by the evidence and that under no circumstances could it be said that they are against the great weight and clear preponderance of the evidence. *Davis v. State* (1967), 33 Wis. (2d) 682, 684, 148 N. W. (2d) 53. We conclude that the statement was properly admitted in evidence.

*By the Court.*—Judgment affirmed.