STATE, Respondent, v. KNOBLOCK, Appellant.

*No. State 12.   Argued September 8, 1969.—Decided September 30, 1969.*

(Also reported in 170 N. W. 2d 781.)

For the appellant there was a brief by *Kelley, Weber & Bolte* and *Richard S. Bolte,* all of Wausau, and oral argument by *Richard S. Bolte.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Daniel LaRocque,* district attorney of Marathon county.

WILKIE, J.   One issue is presented on this appeal: Was it a denial of defendant's right to due process of law under the fourteenth amendment of the United States

Constitution and art. I, sec. 8, of the Wisconsin Constitution, to have the same judge preside at all stages of the criminal proceedings against him?

The defendant complains of the fact that Judge KEBERLE served in three separate capacities at different stages leading to his conviction of the burglary: First, when the criminal warrant was issued charging defendant with the burglary violation; second, when Judge KEBERLE presided at the preliminary examination and bound defendant over for trial; third, when Judge KEBERLE presided at the jury trial at which the defendant was convicted. Defendant claims it was a denial of procedural due process for the same individual judge to serve in all these capacities. This issue is raised for the first time on appeal. No objection was lodged at the trial court level against having the same judge who held the preliminary hearing also preside at the trial. Although defendant made no such objection, and at no time moved for a change of venue nor filed an affidavit of prejudice against Judge KEBERLE,[1] we do not think there was a waiver of defendant's present complaint.

This court has held in cases dealing with the admission of constitutionally tainted evidence, and in the absence of a strategic waiver, an objection is not necessary to preserve constitutional error.[2]

---

[1] Sec. 956.03, Stats., provides: "Change of venue or judge. (1) PREJUDICE OF JUDGE; ANOTHER JUDGE CALLED. If the presiding judge has acted as attorney for a defendant or for the state in the pending action, or if a defendant moves, in the manner provided in civil actions, for a change of venue on account of the prejudice of the judge, another judge shall be called in the manner provided in civil actions to try the action . . . ." *See also* secs. 261.05, 261.08, Stats.

[2] *See Holloway v. State* (1966), 32 Wis. 2d 559, 568, 146 N. W. 2d 441; *Peterman v. State* (1967), 35 Wis. 2d 790, 794, 151 N. W. 2d 677; *Renner v. State* (1968), 39 Wis. 2d 631, 636, 159 N. W. 2d 618. *See also State ex rel. Goodchild v. Burke* (1965), 27 Wis. 2d 244, 265 *et seq.*, 133 N. W. 2d 753; *Henry v. Mississippi* (1965), 379 U. S. 443, 85 Sup. Ct. 564, 13 L. Ed. 2d 408.

We thus reach the merits of defendant's constitutional argument.

Defendant's brief contains no arguments nor does it cite any authority to support the contention that having the same judge preside at all stages of a criminal proceeding is a denial of due process of law. Presumably this contention is based on the hypothesis that by having the judge act as magistrate and decide probable cause for a bind over, and by then having the same judge preside at the trial, the requisite air of impartiality surrounding the trial is destroyed.

At oral argument, defendant's counsel argued that permitting the same judge to preside at all stages of the criminal proceedings, in effect, pressures that judge into affirming the decisions he made at each prior stage, the cumulative effect of this being the destruction of the judge's impartiality. This argument overlooks the fact that each decision at the various stages of the proceedings is an independent determination with the varying burdens of proof. Thus, the probable cause needed to be shown to issue a criminal warrant is less than the probable cause needed to be shown to bind over a defendant for trial after a preliminary hearing. Both of these are less than the burden to prove guilt beyond a reasonable doubt necessary for a criminal conviction.[3]

The United States Supreme Court, in *Tumey v. Ohio*,[4] dealt with the issue of impartiality of the judge and due process of law. In that case the court considered the validity of a liquor conviction under an Ohio statute. The object of the statute was to encourage small villages to maintain "liquor courts" to try persons accused of violating the state prohibition law by offering the villages a share in the fines collected. The mayor of the village had power to sit without a jury to try violators and also had a right to share in the fines collected.

---

[3] *See State ex rel. Marachowsky v. Kerl* (1951), 258 Wis. 309, 45 N. W. 2d 668.

[4] (1927), 273 U. S. 510, 47 Sup. Ct. 437, 71 L. Ed. 749.

The United States Supreme Court held that the defendant was deprived of his liberty and property without due process of law. The court said:

"All questions of judicial qualification may not involve constitutional validity. Thus matters of kinship, personal bias, state policy, remoteness of interest, would seem generally to be matters merely of legislative discretion. *Wheeling v. Black,* 25 W. Va. 266, 270. But it certainly violates the Fourteenth Amendment, and deprives a defendant in a criminal case of due process of law, to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case." [5]

This authority indicates not every question of impartiality need assume constitutional proportions.

In *State v. Carter,*[6] this court refused to find any error in the procedure wherein the same trial judge who presided at the trial of a defendant also conducted the supplementary evidentiary hearing to determine the voluntariness of a confession by the defendant. This court stated "We wish to point out that judicial knowledge, properly acquired, concerning the defendant cannot be the basis of disqualification." [7]

Our court quoted from *United States v. Brooks* [8] as follows:

". . . This is a common function in the work of trial judges, and the absence of a rule requiring one judge to hear the testimony on voluntariness of a confession and another to determine guilt indicates satisfaction with the present practice. To hold otherwise would work an undue and unwarranted burden on district courts, especially in a case like this, where the issue of voluntariness does not arise until after the trial has commenced

---

[5] *Id.* at page 523.

[6] (1966), 33 Wis. 2d 80, 146 N. W. 2d 466.

[7] *Id.* at page 88.

[8] (7th Cir. 1965), 355 Fed. 2d 540, 542; *State v. Carter, supra,* footnote 6, at page 88.

and defendant has waived a jury trial. Our jurisprudence postulates the ability of judges to dismiss from their minds, in reaching decisions, offers of evidence excluded by rulings after hearing arguments on admissibility of that evidence."

We conclude that constitutional due process does not require that the trial be presided over by an individual other than the one who presided at the preliminary examination.

This is a matter of state policy which is properly being considered by the current state legislature. We note that, in fact, the Wisconsin legislature presently has before it a bill sponsored by the Judicial Council calling for the result that this defendant seeks.[9] The bill revises and renumbers portions of the Wisconsin criminal procedure. Proposed sec. 971.21, Stats., provides:

"**Eligibility of Judge to Conduct Trial.** The judge who conducts the preliminary examination shall not conduct further proceedings unless the defendant and the district attorney consent on the record." [10]

The explanatory note to this section contains the following:

". . . The Council feels that this provision, which prohibits a judge from conducting both a preliminary examination and a trial, is needed. Most judges presently routinely refuse to conduct both proceedings. Sufficient manpower exists in all but a few counties to implement this section and the number of felony trials in the remaining counties is so small that this section will not have any appreciable effect. In those smaller counties, the overwhelming number of cases are disposed of by guilty pleas and it is believed that the parties will routinely consent to the judge who conducts the preliminary handling the guilty plea. It is not only a question of fairness but the appearance of fairness." [11]

---

[9] Assembly Bill 603, passed Assembly July 8, 1969.

[10] *Id.* at page 103.

[11] *Id.*

Although the constitution does not require a different individual judge to preside at the various stages of criminal proceedings, the question still remains whether Judge KEBERLE should have disqualified himself because of interest.

Sec. 256.19, Stats., provides:

"**Judges disqualified, when.** In case any judge of any court of record shall be interested in any action or proceeding in such court or shall have acted as attorney or counsel for either of the parties thereto such judge shall not have power to hear and determine such action or proceeding or to make any order therein, except with the consent of the parties thereto."

In *Goodman v. Wisconsin Electric Power Co.,*[12] this court, in considering the phrase "interested in any action," said:

"The purpose of the statutes involved [on disqualification of a judge] is to provide a fair and impartial trial, which is the constitutional right of every litigant. In order to defeat this purpose the interest of the trial judge must be *pecuniary and real,* rather than indirect and remote." [13] (Emphasis added.)

There is no claim made that Judge KEBERLE had a pecuniary interest in the outcome of this trial. Nor is any claim made that Judge KEBERLE was biased or prejudiced against the defendant. As was stated in *Brooks, supra,* it does not follow that because Judge KEBERLE presided at all stages of the criminal proceedings against the defendant, he was interested within the meaning of the statute.[14]

---

[12] (1945), 248 Wis. 52, 20 N. W. 2d 553.

[13] *Id.* at page 59. *See also Hungerford v. Cushing* (1853), 2 Wis. 292 (*397).

[14] *See* 30A Am. Jur. *Judges,* sec. 185, p. 95; 48 C. J. S. *Judges,* sec. 83 d, pp. 1069, 1070. *See also State v. Schweider* (1959), 5 Wis. 2d 627, 637, 94 N. W. 2d 154, where this court said: ". . . a trial judge who hears a *habeas corpus* proceeding testing the suf-

Defendant relies on the case of *James v. State* [15] to support his contention that the same individual should not have presided at different stages of the criminal proceedings against this defendant. As the state correctly points out, the *James Case* is not in point. There, the presiding judge had previously acted as the prosecutor in bringing the charges. He was disqualified under sec. 256.19, Stats. The instant case is quite different.

*By the Court.*—Judgment affirmed.

ficiency of the evidence on the bind over does not thereby disqualify himself from hearing the criminal proceeding nor must he disqualify himself from hearing the criminal case for that reason." *Also, see generally,* Note, 1929 Wis. L. Rev. 177.

[15] (1964), 24 Wis. 2d 467, 129 N. W. 2d 227.