STATE, Respondent, vs. GRECO, Appellant.

*October 14—October 27, 1955.*

For the appellant there was a brief and oral argument by *John P. McEvoy* of Kenosha.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

BROADFOOT, J.    In addition to the arguments advanced to the trial court in support of the motions for a new trial the defendant now claims that there was no compliance with the provisions of sub. (2) of sec. 357.26, Stats., which reads as follows:

"Upon arraignment and before plea, the court shall advise any person charged with a felony of his right to counsel and that if he is indigent the court will appoint counsel at his request. A record of such advice and of the defendant's reply, if any, shall be made in the docket or in a transcript of the proceedings."

Said section was commented upon by this court in the case of *State ex rel. Doxtater v. Murphy,* 248 Wis. 593, 601, 22 N. W. (2d) 685, wherein this court said:

"The trial court was clearly in error in failing to advise the defendant of his rights. The defendant, the petitioner here, took no appeal from the judgment and sentence of the court. If such an appeal had been taken undoubtedly error would have been confessed and the case remanded to the trial court."

Apparently the above statement was unduly optimistic. Instead of confessing error the state now contends that there was a sufficient compliance with the statute. The record shows otherwise. She was not advised of her right to counsel but was merely asked if she wished counsel. She was not advised, according to the record, that if she was indigent counsel would be furnished for her, nor was she specifically advised of her rights to cross-examination, to call witnesses, or to testify in her own behalf. Affidavits were filed in connection with the motions for a new trial. One of said affidavits was by the district attorney, in which he stated generally that the defendant was advised of her rights. That does not show compliance with the statute, which requires that a record of such advice shall be made in the transcript of the proceedings or in the court docket.

The state further contends that it is necessary to advise a defendant of the right to counsel at public expense only when the defendant makes a showing of indigency. The statute requires that this advice be given to any defendant who appears without counsel so that if the defendant is indigent he can make application to the court.

The state further contends that noncompliance with the above statute should not be considered upon this appeal because the question was not raised in the trial court. The state relies upon *State v. Vinson,* 269 Wis. 305, 68 N. W. (2d) 712, 70 N. W. (2d) 1. That case and others correctly state the general rule. However, as indicated in the following quotation from *Cappon v. O'Day,* 165 Wis. 486, 490, 162 N. W. 655, there are exceptions to this rule:

"This court sits here to do justice between litigants. For the purpose of orderly administration and the attainment of justice certain rules are established. Any rule the enforcement of which results in a failure of justice should be carefully scrutinized and not blindly adhered to, unless the abandonment of it will work more injustice than will follow

if it be adhered to. One of the rules of well-nigh universal application established by courts in the administration of the law is that questions not raised and properly presented for review in the trial court will not be reviewed on appeal. 3 Corp. Jur. 689. The reason for the rule is plain. If the question had been raised below, the situation might have been met by the opposite party by way of amendment or of additional proof. In such circumstances, therefore, for the appellate court to take up and decide on an incomplete record questions raised before it for the first time would, in many instances at least, result in great injustice, and for that reason appellate courts ordinarily decline to review questions raised for the first time in the appellate court. But to this rule there are many exceptions. Questions as to the jurisdiction of the court may be raised. *Telford v. Ashland,* 100 Wis. 238, 75 N. W. 1006. Questions as to the legal effect of a deed or other instrument may be raised for the first time in this court. *Hartung v. Witte,* 59 Wis. 285, 18 N. W. 175; *Nightingale v. Barens,* 47 Wis. 389, 2 N. W. 767. There are numerous other exceptions. 3 Corp. Jur. 740. No question of the power of this court is involved. Whether this court should review a question raised here for the first time depends upon the facts and circumstances disclosed by the particular record. It undoubtedly has the power, but ordinarily will not exercise it. The question is one of administration, not of power."

What was stated in the *Cappon Case, supra,* was reaffirmed as late as *Culligan, Inc., v. Rheaume,* 268 Wis. 298, 67 N. W. (2d) 279.

The question of compliance with the statute is now before us if we wish to consider it. Questions concerning the waiver of the right to counsel by defendants in criminal cases have created many difficulties for the trial courts and for this court in the past. That was the reason for the enactment of the statute in its present form. These difficulties will be avoided by a compliance with the plain terms thereof. Because the question was not raised in the court below, and because we deem that justice demands it, we exercise our discretionary powers under the provisions of sec. 251.09, Stats., and grant

the defendant a new trial. In view thereof we do not discuss other questions that were raised upon the appeal.

*By the Court.*—Judgment and orders appealed from are reversed, and cause remanded for a new trial. The superintendent of the Wisconsin Home for Women will deliver the defendant, Thelma Greco, to the sheriff of Kenosha county, who is directed to keep said defendant in his custody until she is duly discharged therefrom or until otherwise ordered according to law.