STATE EX REL. CASPER, Petitioner, v. BURKE, Warden, Respondent.

*June 2—July 10, 1959.*

For the petitioner there were briefs by *Worthing & Calhoun* of Fond du Lac, and oral argument by *J. W. Calhoun.*

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

PER CURIAM. William Casper filed a petition for an order requiring John C. Burke, warden, to show cause why a writ of *habeas corpus* should not issue. An order to show cause was issued thereon and a return and answer to the petition was made by the respondent. A question of fact, whether

the petitioner was advised by the trial court of his right to counsel, having arisen on these pleadings, the question was referred to the circuit court for Fond du Lac county for determination. On these pleadings, the record, and the respondent's motion to confirm the findings of the circuit court for Fond du Lac county and to remand the petitioner, the matter was argued to this court.

William Casper, age fifty, an auto mechanic, was arrested in Fond du Lac on Saturday, November 13, 1958, for being intoxicated. While he was in jail he was accused of having stolen money from his father. On Monday, November 17th, a complaint was sworn to and filed by a police officer charging the petitioner with theft under sec. 943.20, Stats. A warrant was issued and the petitioner was arraigned in the municipal court of Fond du Lac. The information was read to him and he pleaded guilty. During these proceedings no court reporter or clerk was present. The case was held open a day for investigation and the following day the defendant again pleaded guilty, and upon his plea the court adjudged him guilty and sentenced him to the state prison at Waupun for an indeterminate term of not to exceed five years.

The petitioner alleges he was not advised on arraignment of his right to counsel or informed of the consequences of entering a plea of guilty, and he did not know at the time he entered the plea of guilty what the consequences would or could be. The petition, which has attached thereto the transcript of the proceedings in the trial court, also alleges that in view of the petitioner's education and experience he was not capable of making his own defense; that he was not given the right to confer with his family, and that the proceedings were in violation of his rights under the Fourteenth amendment to the constitution of the United States, sec. 7, art. I of the constitution of the state of Wisconsin, and sec. 957.26, Wisconsin statutes.

The return and answer alleges the petitioner was advised of his right to counsel; that he knew the consequences of his plea of guilty; and that he was not denied the right to confer with persons other than the inmates or employees of the jail.

The trial court's docket and transcript of the proceedings contain no reference or record of the giving of any advice by the court to the petitioner of his right to counsel upon his arraignment as required by sec. 957.26 (2), Stats., 42 W. S. A., pp. 212, 213. On the issue of fact of whether the petitioner had been advised of his right to counsel the circuit court for Fond du Lac county, after hearing the testimony of the petitioner, his wife, the municipal court judge, an assistant district attorney, a newspaper reporter, and two police officers, found that on November 17th in open court and before the petitioner pleaded guilty, the judge of the municipal court of Fond du Lac advised the petitioner that if he desired to have an attorney represent him the county of Fond du Lac would furnish one, that the petitioner did not wish to be represented by an attorney and he understood if he requested an attorney one would be appointed to represent him at county expense.

Upon a review of the record and the testimony we must sustain the findings of fact of the circuit court. The testimony is conflicting but the findings are not against the great weight and clear preponderance of the evidence. The mere request by a trial court of an accused if he desired counsel is not sufficient to comply with sec. 957.26 (2), Stats., 42 W. S. A., pp. 212, 213, requiring the trial court to advise a person charged with a felony that he has a right to be represented by counsel, and if he is indigent, counsel would be furnished. *State v. Greco* (1955), 271 Wis. 54, 72 N. W. (2d) 661. On the facts here presented we believe the petitioner understood from the advice given by the court that he had the right to counsel.

Sec. 957.26 (2), Stats., imposes upon the trial court a protecting duty to advise the accused of his right to counsel guaranteed him by sec. 7, art. I of the Wisconsin constitution. The court should determine the accused understands he is entitled to be represented by counsel, and if he does not have the funds to employ one the court will appoint counsel to represent him at public expense if he requests it. Such advice should not be given in a perfunctory or cursory manner. The purpose of the constitutional guaranty of a right to counsel is to protect an accused from conviction resulting from his own ignorance. See Anno., Duty to Advise of Right to Counsel, 3 A. L. R. (2d) 1003. If the accused does not desire counsel the court is under a serious and weighty responsibility of determining whether there is an intelligent and competent waiver of his constitutional right by the accused. *Johnson v. Zerbst* (1938), 304 U. S. 458, 58 Sup. Ct. 1019, 82 L. Ed. 1461. Here, in view of the petitioner's education, age, intelligence, and prior experience in courts and in prison, and on the testimony, we are of the belief the petitioner knew the consequences of his plea of guilty and intelligently waived his right to counsel.

Neither was the petitioner denied the right to talk to his family. He conferred with his eighteen-year-old son while in jail and with his wife when an officer took him home before he was arraigned. His wife did not desire to help him at that time. Because of the attitude of his wife and his father, the petitioner did not desire to make a defense to the charge and expressed a willingness to plead guilty. This is not a case of an ignorant or illiterate accused being incapable of making his own defense, when it is the duty of the court to appoint counsel, even though not requested, as a necessary requisite to the due process of the law under the United States constitution. *Powell v. Alabama* (1932), 287 U. S. 45, 53 Sup. Ct. 55, 77 L. Ed. 158; *Tomkins v. Missouri* (1944), 323 U. S. 485, 65 Sup. Ct. 370, 89 L. Ed. 407.

If this matter was before us for review on the original record of conviction, which contained no record of any advice in the docket or in the transcript of proceedings, the conviction would have to be reversed under the doctrine of *State v. Greco, supra.* However, no appeal or writ of error was taken. The conviction is here attacked collaterally on *habeas corpus* and the question of fact which arose has been determined in this proceeding by reference. The petitioner has not been denied due process of law because he was advised of his right to counsel and he intelligently waived that right.

While not necessary to this opinion we deem it important that we again call attention to the procedure for a writ of *habeas corpus* in this court as suggested *In re Exercise of Original Jurisdiction* (1930), 201 Wis. 123, 229 N. W. 643. See also *State ex rel. Doxtater v. Murphy* (1946), 248 Wis. 593, 22 N. W. (2d) 685. The petition should comply with sec. 292.04 (5), Stats., and should pray for an order to show cause why the writ should not be issued. To avoid the necessity to bring the prisoner before this court, which the issuance of the writ normally would do, an order to show cause will be made upon a proper petition why the writ should not be issued. A return and answer to the order and petition is then made and the matter is heard on these pleadings. If an issue of fact arises it will be referred for determination, as was done in *State ex rel. Drankovich v. Murphy* (1946), 248 Wis. 433, 22 N. W. (2d) 540, and in this case. Upon the determination of the facts the matter will then be heard and determined as if a writ had been issued and return made thereto and an appropriate order made.

The issuance of the writ in this case was not in accordance with this practice and should now be quashed; the prisoner, William Casper, remanded to the custody of the defendant, John C. Burke, warden of the Wisconsin state prison, and the petition denied.

The petitioner, William Casper, is remanded to the custody of the defendant, John C. Burke, warden of the state prison at Waupun, the writ is quashed, and the petition denied.

MARTIN, C. J., took no part.