AILPORT (James), Plaintiff in error, v. STATE, Defendant in error.

AILPORT (Harry), Plaintiff in error, v. STATE, Defendant in error.

GARBE, Plaintiff in error, v. STATE, Defendant in error.*

*January 8—February 2, 1960.*

* Motion for rehearing denied, without costs, on April 5, 1960.

410

411

For the plaintiffs in error there was a brief by *Douglas, Omernik & Bitney* of Spooner, and oral argument by *E. E. Omernik.*

For the defendant in error the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief were *John W. Reynolds,* attorney general, and *Eugene D. Jensen,* district attorney of Burnett county.

DIETERICH, J. The statute under which the charge was brought is sec. 26.14 (7b), which reads as follows:

"Any person who shall wilfully and maliciously set fire on any land shall be deemed guilty of a felony and upon conviction thereof shall be punished by a fine of not more than $1,000 or by imprisonment in the state prison for not less than one year nor more than two years."

The plaintiffs in error contend that the trial court abused its discretion in denying each of them a new trial, for the following reasons: (a) They did not understand the charge to which they pleaded guilty; (b) that they were charged with a violation of the wrong statute; and (c) that there

has been a miscarriage of justice in each of their respective cases.

James and Harry Ailport were represented by counsel. James Ailport, Jr., in his affidavit, stated that he had no intention to plead guilty to maliciously setting the fire, that the attorney supplied to him by his father told him nothing about the kind of charge placed against him and did not explain the importance of the words "wilfully" and "maliciously," that this plaintiff in error knew nothing about the existence of a statute making the setting of a fire without malice a misdemeanor or that the setting of a fire with malice was a felony.

Likewise, Harry Ailport in his affidavit in support of his motion for a new trial, stated that the attorney supplied him by his father did not advise him of the meaning of the statute.

Leslie Garbe, in his motion for a new trial and in his affidavit, stated that he set the fire for which he is charged and that he intended to set it. He states in his affidavit that at the time he set the fire he had no malice toward any person or thing, that the meaning of the statute to which he pleaded guilty was not explained to him.

Affidavits in opposition to the motions for new trials were made by Leland Whitney, a forest ranger, Bert Lund, a conservation aid, and Arthur Jenks, sheriff of Burnett county. The affidavits of Whitney and Lund set forth that on the dates of the respective fires, March 26 and April 23, 1959, the conditions of the weather, humidity, wind, and soil surface were such that it was extremely dangerous to have any fires started, and any fires started on those dates would undoubtedly spread to neighboring lands and property; that the ground was extremely dry and there was no green foliage in Burnett county until approximately the middle of May, 1959.

The affidavits of Sheriff Jenks set forth, among other things, that during the period of time when the fires were

set, weather conditions were extremely dry and fires were difficult to control, that none of the fires were set accidentally or as a campfire or picnic fire, but were set with the intent to burn the fields nearby. In each case the defendants (plaintiffs in error) left the scene of the fire and did not return until some time after. The fires in question had to be extinguished by a force of men from the conservation department.

The affidavits of plaintiffs in error in support of their motions for new trials set out in each case that they intended to plead guilty to a charge of having wilfully set a fire on that day, but had malice toward no one or toward anyone's property. In none of the cases is there any assertion whatsoever of any justification or excuse for setting the fires.

Sec. 26.14 (7b), Stats., under which the charge was brought, provides in part as follows:

"Any person who shall wilfully and maliciously set fire on any land shall be deemed guilty of a felony and upon conviction thereof shall be punished . . ."

The entire section is concerned with the prevention and suppression of forest fires. The interest protected by this criminal statute is that of the owners of land and also that of the public, since forest fires not only damage the property interest of the owners of the forest but also endanger lives and cause great public expense in extinguishing them.

An analogy to common-law arson and to statutory arson as defined in secs. 343.01, 343.02, and 343.03, Stats. 1953, is apparent. The elements of "wilfulness" and "malice" existed in common-law arson and in the former arson statutes, just as they are included in sec. 26.14 (7b). Hence the law of arson may be examined to determine the meaning of those terms as used in sec. 26.14 (7b).

The theory of plaintiffs in error is that they could not properly have been convicted of the charge against them

without showing that they were motivated by ill will or spite, and that the denials of the same in the affidavits of plaintiffs in error were sufficient to show that their pleas of guilty were improvident, and in the cases of the Ailports were based on mistaken legal advice. The intentional, unjustified, and unexcused setting of the fires under the circumstances disclosed by the affidavits of Whitney, Lund, and Sheriff Jenks fully responded to the requirement of the statute that the fires were set "wilfully" and "maliciously."

In *State v. Compton* (1890), 77 Wis. 460, 466, 46 N. W. 535, a prosecution for maliciously sending a threatening letter with felonious intent, this court stated as follows:

" 'The malice required by the statute is not a feeling of ill will toward the person threatened, but the wilful doing of the act with the illegal intent.' *Comm. v. Goodwin,* 122 Mass. 35."

In 4 Am. Jur., Arson, p. 90, sec. 9, it is stated:

"Under the common law and under statutes which make malice and wilfulness an ingredient of the crime of arson, a particular intent or malice against the person or thing is not essential; it is sufficient to show that the accused was actuated by a malicious motive and that he set the fire wilfully rather than negligently or accidentally."

The attorney general concedes for purposes of argument that the plaintiffs in error in this case might have been charged and convicted of a misdemeanor in violation of sec. 26.14 (5), Stats. It often happens that criminal misconduct fits the requirements of more than one criminal statute.

The Criminal Code provides as follows in sec. 939.65, Stats., which is controlling here:

"If an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions."

The Ailports having pleaded guilty to the greater offense and having failed to show any reason why they were not guilty as charged, they cannot complain that they might have been charged with the lesser offense and received a small penalty. The penalty imposed by the trial court on each of the plaintiffs in error, James and Harry Ailport, was within the maximum fixed by the statute. The sentence of one year was the statutory minimum.

We find no abuse of discretion on the part of the trial court in denying the order for a new trial on behalf of James and Harry Ailport.

Leslie Garbe, age nineteen, appeared without an attorney and was sentenced for a like term.

Upon the arraignment of Leslie Garbe, the court stated:

"When you are arraigned on this charge you may either plead guilty or not guilty. If you plead not guilty a time will be set for trial and you will be given the opportunity to consult with an attorney. If you plead guilty your case will be taken care of right now. If you do not have the funds necessary to hire an attorney, the court will appoint one for you at county expense."

Garbe stood mute and made no reply to such statement by the court with respect to his right to have counsel. The information was then read by the district attorney and the following ensued:

"Court: You have heard the charge read. Do you understand the charge? A. Yes.

"Court: Do you wish to plead guilty or not guilty to the charge? A. Guilty.

"Court: I will accept your plea of guilty and will defer your sentence pending a presentence investigation."

Sec. 7, art. I of the Wisconsin constitution, provides that:

"In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the

nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf; and in prosecutions by indictment, or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed; . . .'"

This section of the constitution is not complied with by the trial court's merely making a perfunctory statement with respect to the right of the accused to counsel. It is the duty of the trial court to ascertain whether the accused understands such statement, and especially that part which informs him of his right to have counsel provided at county expense, if he is indigent. The trial court did not do so in this case, and because of such failure we deem Garbe is entitled to a new trial.

For a discussion of the problem appertaining to compliance with that part of sec. 7, art. I of the constitution which entitles the accused to be represented by counsel, see *State ex rel. Casper v. Burke* (1959), 7 Wis. (2d) 673, 97 N. W. (2d) 703, and *State ex rel. Drankovich v. Murphy* (1946), 248 Wis. 433, 22 N. W. (2d) 540.

The United States supreme court recently remarked in *Blackburn v. Alabama* (1960), 361 U. S. 199, 206, 80 Sup. Ct. 274, 280, 4 L. Ed. (2d) 242, 28 U. S. Law Week 4053:

"As important as it is that persons who have committed crimes be convicted, there are considerations which transcend the question of guilt or innocence."

In addition to the failure of the trial court to take any steps to ascertain whether Garbe understood the court's explanation of the right to counsel, the court also failed to explain to him the seriousness of the charge, and the consequences which would follow the entering of a plea of guilty, before asking Garbe to plead. The spirit of sec. 7, art. I of the constitution, requires that this be done.

*By the Court.*—Orders affirmed as to James and Harry Ailport. The order of the trial court denying a new trial as to Leslie Garbe is reversed, and the judgment and sentence vacated, and the record remanded with instructions to grant a new trial to him.