JAMES, Plaintiff in error, v. STATE, Defendant in error.

*June 4—June 30, 1964.*

468

For the plaintiff in error there was a brief by *Patri, Nolan, Crane & Engler* and *Gary R. Yakes,* all of Oshkosh, and oral argument by *Mr. Yakes.*

For the defendant in error the cause was argued by *Betty R. Brown* and *William A. Platz,* assistant attorneys general, with whom on the brief was *George Thompson,* attorney general.

HALLOWS, J.  The writ of error required the three cases to be returned to this court. In its brief the state argues the writ of error should be dismissed because this court cannot review three judgments in separate cases on one writ of error although this is done in respect to counts in a single case. We have this day in *Ronzani v. State,* ante, p. 512, 129 N. W. (2d) 143, decided that the irregularity of attempting to have several judgments of conviction or sentencing entered in separate cases reviewed by a single writ of error may, under sec. 269.51 (1), Stats., be waived by failure to make a timely objection or a motion to dismiss. We think the objection here comes too late when asserted for the first time in the defendant's brief. The objection or motion to dismiss should have been made prior to the defendant's taking part in this review. We hold, therefore, the three separate cases are now properly before us.

James contends that because Judge SITTER was assistant district attorney involved in the 1960 conviction for fraudulently transferring encumbered property, he was disqualified from acting as judge to sentence him on that conviction. It is argued there was no trial on the information as James pleaded guilty and, therefore, sec. 256.19, Stats., does not

apply. Judge SITTER as assistant district attorney not only signed the information but took part in the criminal proceedings which resulted ·in the conviction of James. He handled the case in court and was present at the arraignment, plea, and conviction, and took part in the hearing when James was placed upon parole. In short, he actively represented the state in the proceeding.

If a judge is interested in any action or proceeding or has acted as attorney for either of the parties, he has no power to hear and determine such action or proceeding or to make any order thereon except by the consent of the parties thereto. Sec. 256.19, Stats.[1] We find no express or implied consent of the parties to Judge SITTER's passing sentence on the conviction for fraudulently transferring encumbered property. The state argues that sec. 256.19 has no application because Judge SITTER had no financial interest in the action and because no trial was involved, relying on *Goodman v. Wisconsin Electric Power Co.* (1945), 248 Wis. 52, 20 N. W. (2d) 553. That case did hold that the purpose of the statute was to provide a fair and impartial trial and in order to defeat that purpose the interest of the trial judge must be pecuniary and real rather than indirect and remote. True, Judge SITTER had no financial interest but he had represented a party. We cannot agree with the state's argument that this section applies in a criminal case only to the determination of guilt of the accused and, therefore, has no application to the process of sentencing. We do not read the *Goodman Case* as limiting the statute to only the contested part of an action or proceeding or to that part which is technically called the trial.

---

[1] "256.19 JUDGES DISQUALIFIED, WHEN. In case any judge of any court of record shall be interested in any action or proceeding in such court or shall have acted as attorney or counsel for either of the parties thereto such judge shall not have power to hear and determine such action or proceeding or to make any order therein, except with the consent of the parties thereto."

Even if Judge SITTER was not disqualified under sec. 256.19, Stats., he should have disqualified himself from sentencing James. Such disqualification would seem to be a part of the procedural due process embodied in the Fourteenth amendment of the United States constitution. It is true most of the procedural due-process concepts apply to the actual trial phase of a case. See *In re Murchison* (1955), 349 U. S. 133, 75 Sup. Ct. 623, 99 L. Ed. 942; Anno. Disqualification of Judge, 72 A. L. R. (2d) 443. It must be recognized that procedural due process after conviction does not mean the same thing as due process at the trial on the merits. *Townsend v. Burke* (1948), 334 U. S. 736, 68 Sup. Ct. 1252, 92 L. Ed. 1690; *Williams v. New York* (1949), 337 U. S. 241, 69 Sup. Ct. 1079, 93 L. Ed. 1337; *State ex rel. Volden v. Haas* (1953), 264 Wis. 127, 58 N. W. (2d) 577. However, we cannot look upon sentencing as some insignificant and collateral part of the criminal process. The determination of the sentence, whether it be long or short, is part of the judicial process and is perhaps the most vital part and certainly the end result of the criminal process so far as the accused is concerned. In that process he is entitled to the determination of an impartial judge as well as during the process of determining guilt. The rule requiring disqualification operates whether the judge, in fact, is or is not biased or prejudiced.

On the record we do not find Judge SITTER was in fact biased or prejudiced. The record indicates otherwise. He sentenced James to two years to be served concurrently with another two-year sentence. Because of this James will not spend a single extra day in prison. We reject the argument that because Judge SITTER was disqualified in one case he was necessarily biased and prejudiced in the other two cases, and consequently James' right to a fair and impartial trial was denied.

Under the rule of *Babbitt v. State* (1964), 23 Wis. (2d) 446, 127 N. W. (2d) 405, this court on this writ of error is restricted in its review to the judgment of sentencing in the nonsupport and in the fraudulent transfer of encumbered-property cases. The time for appeal from the judgment of conviction in these cases has long expired and only the judgment of sentencing is before us. Thus, whatever contentions or errors raised on constitutional grounds for the reversal of the conviction as distinguished from the sentence in the case involving the fraudulent transfer of encumbered property are beyond the scope of this review but may be raised by writ of *habeas corpus*. However, in the grand-theft case both the judgment of conviction and the judgment of sentencing are properly before us on writ of error.

In the theft case the conviction is attacked on the ground that the failure of the trial judge to inform James of the possible consequences of his decision concerning his right to counsel effectively denied James that right. We must consider this contention in the light of the limits of the scope of a writ of error. Basic is the requirement the error appear as such on the record. Sec. 957.26 (2), Stats., requires the trial court upon arraignment and before plea to advise the accused charged with a felony of his right to counsel of his choice and to further advise that if the accused is indigent the court will appoint counsel at the expense of the county at his request.

The record shows the court advised James of his right to counsel and if he were shown to be indigent, counsel would be appointed at county expense. James declined counsel, stating he wanted to get the matter over with. The information was then read to him and his plea accepted. It is true the information contained repeater allegations which were not contained in the complaint. But the record shows James immediately after his plea of guilty questioned one of the dates of a conviction as to correctness. At the

time of the sentencing, upon being asked whether there was anything he would like to say why sentence should not be pronounced, he responded in the negative.

On the face of the record the court complied with the statute in advising James of his right to counsel. It is not error for the trial court to fail to advise an accused of the possible consequences of his failure to have counsel including the possible sentence that might be imposed if he should plead guilty to the information unless the record also shows the accused did not understand the charge, his right to counsel, and other facts which would support a finding of a nonintelligent waiver. When such facts do not appear on the record, the issue cannot be raised by writ of error but must be left for the postconviction remedy of *habeas corpus*. Here, however, the record shows a mature adult who had served time in the Wisconsin prison and also time in the federal penitentiary; he has had some experience with courts, pleas, and criminal procedure. It may be that he did not know of the repeater or recidivist statute and that his sentence on the theft charge could be increased because of his prior convictions. But to constitute error the record must show the accused in fact did not know and the court knowing this fact did not instruct him of the consequences of waiving his right to counsel.

While James made a motion which he entitled a motion to quash and dismiss and correct the record, it was not claimed as a ground that he did not intelligently waive his right to counsel or enter the plea of guilty. If a motion to withdraw the plea and for trial had been made on the grounds of an unintelligent waiver of counsel and plea of guilty and a *prima facie* showing made by affidavit or proof of the facts, this court on writ of error could consider the constitutional issue upon the denial of the motion. Such was the procedure followed in *Ailport (Garbe) v. State* (1960), 9 Wis. (2d) 409, 100 N. W. (2d) 812. The issue

may be effectively raised by a writ of *habeas corpus* as was done in *State ex rel. Burnett v. Burke* (1964), 22 Wis. (2d) 486, 126 N. W. (2d) 91; and *State ex rel. Casper v. Burke* (1959), 7 Wis. (2d) 673, 97 N. W. (2d) 703.

On the record we hold there was no error.

*By the Court.*—Sentence on the conviction for nonsupport, Winnebago county court file No. A 6276, affirmed; sentence on the conviction for fraudulently transferring encumbered property, Winnebago county court file No. 6326, vacated; and the conviction and sentence in the case involving grand theft, Winnebago county court file No. A 98, are affirmed.