VAN VOORHIS, Plaintiff in error, v. STATE, Defendant in error.

*November 30, 1964—January 5, 1965.*

218

For the plaintiff in error there was a brief and oral argument by *Edward R. Bollenbeck* of Appleton.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, *William A. Platz,* assistant attorney general, and *Nick F. Schaefer,* district attorney of Outagamie county.

FAIRCHILD, J. Sec. 957.26 (2), Stats., requires that upon arraignment, the court shall advise any person charged with felony of his right to counsel and that if he is indigent the court will appoint counsel at his request. A record of the advice and reply must be made in either the docket or transcript.

There is a transcript in this case, but it shows that the court failed to advise Van Voorhis that counsel would be furnished to him, if indigent, at his request. The lack of compliance with the statute is clear. We have, however, suggested in an earlier decision that a defendant cannot raise this error on appeal or writ of error as a matter of right unless he has first raised it in the trial court.[1] We now so hold. Statements in previous cases assuming that on appeal reversal would be automatic are withdrawn.[2]

The basic question presented by the instant case is whether, on application to the trial court, the trial court is con-

---

[1] *State v. Greco* (1955), 271 Wis. 54, 57, 72 N. W. (2d) 661.
[2] *State ex rel. Doxtater v. Murphy* (1946), 248 Wis. 593, 601, 22 N. W. (2d) 685; *State ex rel. Casper v. Burke* (1959), 7 Wis. (2d) 673, 678, 97 N. W. (2d) 703.

fined to the record and must grant relief where the statute was not fulfilled or whether the trial court may consider additional evidence in order to determine whether, in fact, the defendant had sufficient knowledge with respect to his right to counsel and the furnishing of counsel to indigents so that the failure to advise him as required by the statute was immaterial.

Where a convicted and imprisoned defendant who was not represented by counsel applies to this court for a writ of *habeas corpus* on the ground that he did not intelligently waive his right to counsel the question whether, in fact, he sufficiently understood his rights is explored. On such inquiry his waiver may be found not to have been intelligent even though the record discloses compliance with sec. 957.26 (2), Stats.[3] Or it may be found to have been intelligent even though this statute was not fulfilled.[4]

A convicted defendant may make the same claim in an application to the trial court for a new trial or for leave to withdraw a plea of guilty if made within one year.[5] It is logical that the same scope of inquiry would be permitted.

Sec. 957.26 (2), Stats., was enacted in an attempt to have advice concerning right to counsel given as a matter of course and a record made thereof. Where, in a particular case this was not done, but it can be shown that the defendant knew of his right to counsel without such advice by the court, there seems to be little reason for setting aside the conviction.

It therefore seems to us reasonable and logical to permit the trial court to inquire into defendant's knowledge of his rights when he applies for relief upon the ground that the

---

[3] See *State ex rel. Burnett v. Burke* (1964), 22 Wis. (2d) 486, 126 N. W. (2d) 91, although the conviction there involved occurred before sec. 957.26 (2), Stats., was enacted.

[4] *State ex rel. Casper v. Burke, supra,* footnote 2. See *Babbitt v. State* (1964), 23 Wis. (2d) 446, 127 N. W. (2d) 405.

[5] See *Pulaski v. State* (1964), 23 Wis. (2d) 138, 126 N. W. (2d) 625.

court failed to advise him. Since the statutory policy is that the advice be given and recorded, we consider that the state should carry the burden of proof (risk of nonpersuasion) in proving by clear and convincing evidence that the advice was unnecessary in the particular case.

Several fundamental propositions may be summarized as follows: A convicted defendant who was not represented by counsel, and who claims that he did not intelligently waive counsel, has an adequate remedy by application to the trial court within one year after trial upon a plea of not guilty or after a finding upon a plea of guilty. Where the record shows compliance with sec. 957.26 (2), Stats., and an apparent waiver of counsel, the burden of proof is upon defendant to show that his waiver was not intelligent; where the record does not show such compliance, the burden is upon the state to show that waiver was intelligent. In such inquiry, neither party is limited to the facts of record prior to conviction, but may offer additional evidence relevant to the knowledge and understanding of defendant. A claim that defendant was not properly advised cannot be raised as a matter of right on review of the judgment unless the claim was raised in the trial court before judgment. If not so raised before judgment, the claim can be raised here by appeal from the order of the trial court, after judgment, denying an application on that ground for a new trial or leave to withdraw a plea. Although an application for leave to withdraw a plea is ordinarily addressed to the discretion of the court [6] such withdrawal would be a matter of right if the applicant established in fact a denial of a relevant constitutional right, such as right to counsel. It should also be observed that although sec. 957.26 (2), applies by its terms only to one charged with a felony, similar problems now may arise with respect to one charged with misdemeanors

---

[6] *State v. Payne* (1964), 24 Wis. (2d) 603, 129 N. W. (2d) 250; *Myartt v. State* (1964), 25 Wis. (2d) 634, 131 N. W. (2d) 371.

who is exposed to the possibility of a substantial sentence of imprisonment.[7]

In the instant case, Van Voorhis requested a writ of error to review the judgments. He had not raised his claim with respect to right to counsel before the judgments, and in accordance with the propositions just stated we would affirm. It happens, however, that the record of proceeding after the judgments has also been forwarded to us and the state, as defendant in error, has relied upon this portion of the record in arguing that the omission of advice concerning the furnishing of counsel was immaterial. The fact that Van Voorhis applied to the trial court is not before us unless we take notice of this portion of the record. Thus Van Voorhis' position will not be impaired by our considering the additional portion and the state is asking us to do so. Under the circumstances, we deem it proper to review such portion of the record in order to determine whether we should exercise our discretionary power under sec. 251.09, Stats.

As previously stated the county court found that Van Voorhis was, in fact, aware of his rights and that he intelligently waived counsel. The proof offered on the application after judgments amply supports the finding. The following facts appear:

In 1949 Van Voorhis appeared before the circuit court for Wood county charged with larceny. The minutes of the clerk show that he was advised of his constitutional right to counsel; that he was asked whether he desired counsel appointed by the court and that he stated that he did not. He pleaded guilty and was sentenced to imprisonment.

In 1951 he was before a court in Shawano county charged with breaking and entering and larceny. The minute book

---

[7] Melvin v. Burke, unreported case rendered by the United States Federal District Court, Eastern District of Wisconsin, on August 27, 1963. See 36 Wisconsin Bar Bulletin (October, 1963), pages 62, 63.

shows that he was informed of his constitutional right to counsel. He desired counsel and counsel was appointed. In connection with his request for counsel, he executed an affidavit of indigency. He was found guilty and was sentenced to prison.

In 1958 he was charged with forgery in the same court. The court told him of his right to counsel and that the court would appoint an attorney if he could not afford one. He said he understood but did not want counsel. He pleaded guilty and was sentenced to imprisonment.

In June, 1963, about six weeks after being sentenced in the instant case, Van Voorhis wrote a letter to the district attorney complaining about the severity of sentence. He pointed out, among other reasons why he should have been treated with leniency, that he was trying to save the county money by not taking a court-appointed lawyer. In September, 1963, he wrote a similar letter to the judge indicating that he had appeared without counsel because he figured it would save the county money if none were appointed.

*By the Court.*—Judgments affirmed.