STATE, Respondent, v. STRICKLAND, Appellant.*

*April 29—June 1, 1965.*

* Motion for rehearing denied, without costs, on September 10, 1965.

For the appellant there were briefs by *La Follette, Sinykin, Doyle & Anderson,* attorneys, and *Shirley S. Abrahamson* and *Robert H. Friebert* of counsel, all of Madison, and oral argument by *Mrs. Abrahamson.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

CURRIE, C. J.   Defendant's motion for new trial did not state that he desired to change his pleas of guilty. Both defendant and the state, however, treat his motion as one to withdraw his pleas in view of *Pulaski v. State* (1964), 23 Wis. (2d) 138, 141, 126 N. W. (2d) 625. Although an application for leave to withdraw a plea is ordinarily addressed to the discretion of the court such withdrawal would be a matter of right if the applicant established a denial of a

relevant constitutional right. *Van Voorhis v. State* (1965), 26 Wis. (2d) 217, 223, 131 N. W. (2d) 833.

Defendant here contends that his motion to withdraw his pleas of guilty should have been granted as a matter of right on these grounds:

(1) Defendant did not intelligently waive counsel and intelligently enter his plea of guilty at his arraignment on the charge of operating a motor vehicle without the owner's consent.

(2) Defendant's convictions of armed robbery and theft were based on pleas of guilty not intelligently and understandingly made.

(3) The armed-robbery count of the information was void because it is alleged it failed to charge an essential element.

(4) Defendant was improperly denied a preliminary hearing.

(5) All three sentences were void because defendant was not represented by counsel at time of sentence.

(6) The trial court should have appointed counsel to represent defendant on his motion to withdraw his pleas.

Defendant has abandoned on this appeal the ground raised in his motion that his constitutional rights were denied because of the failure to indict him by grand jury.

*Arraignment on Charge of Operating a Motor Vehicle Without Owner's Consent.*

The trial court, at the time of defendant's arraignment on the charge of operating a motor vehicle without the owner's consent, did advise defendant of his right to counsel. The court, however, did not explain that if defendant was indigent he was entitled to have counsel appointed for him at public expense. This court has held that a perfunctory statement made to an accused that he is entitled to be rep-

resented by counsel, without advising that counsel would be appointed at public expense, is not sufficient compliance with sec. 957.26 (2), Stats. *Van Voorhis v. State, supra,* at page 221; *State ex rel. Casper v. Burke* (1959), 7 Wis. (2d) 673, 677, 97 N. W. (2d) 703; *State v. Greco* (1955), 271 Wis. 54, 57, 72 N. W. (2d) 661.[1]

Furthermore, if an accused is not represented by counsel, it is the duty of the trial court before accepting a plea of guilty to make sure that the accused understands the nature of the crime with which he is charged and the range of punishments. *State ex rel. Burnett v. Burke* (1964), 22 Wis. (2d) 486, 494, 126 N. W. (2d) 91. See also *Ailport v. State* (1960), 9 Wis. (2d) 409, 417, 100 N. W. (2d) 812. The record does not disclose that this was done.

After defendant's arraignment he did appear with Mr. Lent as his counsel before the trial court on June 25, 1963. The proceeding opened by the court stating that defendant "is before the Court this morning for sentencing on a charge of operating a motor vehicle without the owner's consent." Mr. Lent made a plea to the court for leniency during the course of which he stated:

"I think the record before the Court speaks for itself; that he [defendant] came before the Court and faced up to his guilt and admitted it and chose not to put the state and the Court to the time and trouble of a trial. I think this is an indication of the fact now that he has reached eighteen years of age and starting to mature, he will be able to fulfill any promise of good faith that the Court might see fit to extend him."

Thus defendant's counsel took advantage of defendant's plea of guilty previously made without benefit of counsel as a ground for the court extending leniency. This strategy

[1] In *Ailport v. State* (1960), 9 Wis. (2d) 409, 417, 100 N. W. (2d) 812, we held that such a perfunctory statement also contravened the spirit of sec. 7, art. I, Wisconsin constitution.

paid off because the trial court placed defendant on probation for one year and withheld sentence. The United States supreme court held in *Henry v. Mississippi* (1965), 379 U. S. 443, 451, 85 Sup. Ct. 564, 13 L. Ed. (2d) 408, that a constitutional right may be waived by "counsel's deliberate choice of strategy" and that this would be binding upon the accused client. In *State ex rel. Goodchild v. Burke,* ante, p. 244, 133 N. W. (2d) 753, the rule of the *Henry Case* was applied in a situation where counsel for defendant for strategy made no objection to the introduction of defendant's confessions and admissions into evidence. It was held that this constituted a waiver of the right to later contend that these confessions and admissions had been involuntarily obtained in violation of defendant's constitutional rights.

Mr. Lent, counsel for the instant defendant, is a former assistant district attorney of Dane county, experienced in the field of criminal law. When he was retained to represent defendant after the latter's arraignment a choice of two alternative courses was open to him. One was to move to withdraw or change the plea of guilty because of any defects, constitutional or otherwise, in the arraignment proceedings. The other was to utilize the existing guilty plea and urge it as a reason for leniency. Counsel chose the latter and we conclude this was an effective waiver of the right to now raise the objections here made that defendant did not intelligently waive counsel and understandingly enter his plea of guilty.

Counsel for defendant rely on *Hamilton v. Alabama* (1961), 368 U. S. 52, 82 Sup. Ct. 157, 7 L. Ed. (2d) 114, as authority that any defect with respect to intelligent waiver of counsel at time of arraignment cannot be cured by later appointment of counsel. The facts in the *Hamilton Case* are readily distinguishable. It was a capital case in which the defendant received a death sentence in an Alabama court on a charge of breaking and entering with intent to ravish. He was not represented by his appointed

counsel at time of arraignment and pleaded "not guilty." Thereafter he was tried with counsel present and convicted. In reversing a judgment of the Alabama supreme court denying relief by way of *coram nobis,* the United States supreme court stressed that under Alabama law a plea of not guilty by reason of insanity or a plea in abatement had to be made at time of arraignment, or the opportunity to do so was lost. This feature of the *Hamilton Case* was pointed out in *Sparkman v. State,* ante, at page 101, 133 N. W. (2d) 776.

### Guilty Pleas Entered to Charges of Armed Robbery and Theft.

Defendant contends his plea of guilty entered through counsel to the charges of armed robbery and theft were not intelligently and understandingly made. This is largely predicated upon the fact that the trial court addressed no inquiries to defendant to ascertain whether he had intelligently and understandingly entered these pleas. This court has not held that such inquiries are necessary where defendant is represented by counsel at time of arraignment.[2] Courts have the right to assume in such a situation that counsel has fulfilled his duty of proper representation by fully explaining to the accused the nature of the offense charged, the range of penalties, and possible defenses thereto, and satisfying himself that the accused understands such explanations, before permitting the accused to authorize the entry of a plea of guilty. There is no allegation in defendant's motion that this was not done.

We deem it inadvisable to lay down a rule that trial courts must, in every case, where an accused is represented by

---

[2] Defendant's brief asserts that federal courts, in accordance with Rule 11 of the Federal Rules of Criminal Procedure, interrogate the accused at time of arraignment even though represented by counsel.

counsel at time of entering a plea, before accepting the plea interrogate defendant to make sure that the defendant has understandingly and intelligently entered the plea. However, we recommend that such practice be adopted.

Defendant relies on a colloquy which occurred between him and the court at time of sentencing to establish that defendant did not understandingly and intelligently enter the plea of guilty to the armed-robbery count. Defendant stated to the court that he thought the crime committed was "a strong arm robbery" and not an armed robbery and that he had no intention of hurting anyone. The court reminded defendant that the woman he had robbed was a sixty-three-year-old woman and that the brick [rock] with which he threatened her was a dangerous weapon within the meaning of the statute. We do not deem that this colloquy demonstrates that defendant did not understandingly and intelligently enter his plea. At no time has defendant claimed that he did not commit the robbery or that at the time he did not have the rock in his hand.

Defendant also complains of the fact that at the time of entry of the plea the information had not as yet been drafted and filed. This fact was made known to defendant and his counsel by the assistant district attorney. The information was drafted and filed that same day and later amended to correct a mistake in date. Knowing this defendant's counsel expressly waived the reading of the information and entered the plea of guilty to both counts, one charging armed robbery and the other theft. We determine that this waiver is binding upon defendant and precludes him from now raising this issue.

### Alleged Defect in Information.

For the first time on this appeal the issue is raised that the count of the information is defective which charges

armed robbery. It is alleged that this count omits the essential element of alleging the taking of property from the owner. This issue was not raised in defendant's motion to withdraw his plea and for that reason this court declines to pass upon it on this appeal. Furthermore, we are of the opinion that defendant, by waiving the reading of the information before it was drafted and filed, also waived the defect now complained of.

### Alleged Denial of a Preliminary Hearing.

It is contended that all three convictions are void because of a failure to inform defendant of his right to a preliminary hearing. The right to a preliminary hearing rests upon statute and is not a constitutional requirement. Therefore, this court will not set aside a judgment of conviction and permit a withdrawal of a plea of guilty because of a claimed denial of a preliminary hearing absent some showing of prejudice. This is not the type of error which gives rise to a presumption of prejudice. Even some cases of denial of constitutional rights give rise to the application of the harmless-error rule. *Sparkman v. State, supra,* at page 101; *Pulaski v. State* (1964), 24 Wis. (2d) 450, 456, 129 N. W. (2d) 204.

Where a defendant appears by counsel, as did defendant with respect to the charges of armed robbery and theft, and enters a plea of guilty without requesting a preliminary hearing, a trial court has the right to assume that the preliminary hearing has been intelligently waived. Cf. *Hawkins v. State* (1965), 26 Wis. (2d) 443, 132 N. W. (2d) 545. However, where a defendant charged with felony appears without counsel and waives counsel, as did defendant with respect to the charge of operating a motor vehicle without the owner's consent, it is the duty of the court to advise defendant of his right to a preliminary hearing before pro-

ceeding further. Right to complain of such error, however, was waived at time of sentencing when he did appear with counsel who won leniency for him.

### Failure to be Represented by Counsel at Time of Sentence.

Although defendant had been represented by counsel at time of arraignment on the charges of armed robbery and theft he thereafter appeared without counsel when sentenced on those charges and also the prior charge of operating a motor vehicle without the owner's consent. The record is silent as to why Mr. Lent was not present or whether he still represented defendant. The trial court made no inquiry as to this and did not advise defendant of his right, if an indigent, to have counsel appointed at public expense. Defendant asserts that he was never properly advised of his right to counsel at time of sentencing and that he did not intelligently waive this right. On this record we cannot assume that there was any intelligent waiver by defendant of his right to be represented by counsel at time of sentencing.

There is a conflict of authorities on the question of whether the presence of counsel for an accused at time of sentencing is necessary to the validity of the proceedings. See Annotation, Absence of counsel for accused at time of sentence as requiring vacation thereof or other relief, 20 A. L. R. (2d) 1240. As pointed out by the brief of the attorney general, a number of cases have held that no constitutional right of an accused is violated by sentencing without counsel being present when there has been no showing that unfairness or harm resulted. Cases so holding are *Kent v. Sanford* (5th Cir. 1941), 121 Fed. (2d) 216, certiorari denied 315 U. S. 799, 62 Sup. Ct. 622, 86 L. Ed. 1200; *Janney v. United States* (4th Cir. 1955), 227 Fed. (2d) 105; *Willis v. Hunter* (10th Cir. 1948), 166 Fed. (2d)

721, certiorari denied 334 U. S. 848, 68 Sup. Ct. 1499, 92 L. Ed. 1772; *State v. Farnsworth* (1962), 13 Utah (2d) 103, 368 Pac. (2d) 914.

On the other hand, the United States supreme court has now adopted the rule that an accused has a constitutional right to be represented by counsel at any "critical" stage of the criminal proceeding against him. *White v. Maryland* (1963), 373 U. S. 59, 83 Sup. Ct. 1050, 10 L. Ed. (2d) 193; *Hamilton v. Alabama, supra.* We consider that sentencing is a critical stage of a criminal prosecution. In *James v. State* (1964), 24 Wis. (2d) 467, 473, 129 N. W. (2d) 227, we stated:

"However, we cannot look upon sentencing as some insignificant and collateral part of the criminal process. The determination of the sentence, whether it be long or short, is part of the judicial process and is perhaps the most vital part and certainly the end result of the criminal process so far as the accused is concerned."

See also *Meyer v. State* (1964), 25 Wis. (2d) 418, 423, 130 N. W. (2d) 848.

The most-recent case which has come to our attention on this issue is *Commonwealth ex rel. Remeriez v. Maroney* (1964), 415 Pa. 534, 204 Atl. (2d) 450. In that case petitioner was sentenced to imprisonment after revocation of a prior suspended sentence and probation. The record disclosed that the trial court made no inquiry concerning counsel and there was no waiver of counsel by petitioner. The Pennsylvania supreme court held that sentencing is a critical stage in the proceeding against an accused, and stated (p. 536):

"For the sentencing to be constitutionally acceptable the accused is entitled to be represented by counsel."

The New York appellate division reached the same conclusion in *People v. Callahan* (1963), 19 App. Div. (2d)

585, 240 N. Y. Supp. (2d) 460, resting its decision upon *Gideon v. Wainwright* (1963), 372 U. S. 335, 83 Sup. Ct. 792, 9 L. Ed. (2d) 799.

The failure of the trial court to advise defendant of his right to counsel at time of sentencing, together with the failure of the record to show any waiver of this right, requires reversal of the order appealed from with directions to the county court to set aside the three sentences and order the defendant returned from the state prison for sentencing.

### *Failure of Trial Court to Appoint Counsel to Prosecute Motion.*

As a further ground for reversing the order denying defendant's motion he claims denial of constitutional rights because the trial court failed to appoint counsel to represent him in prosecuting the motion. In support of this contention defendant cites *Douglas v. California* (1963), 372 U. S. 353, 83 Sup. Ct. 814, 9 L. Ed. (2d) 811, and *Draper v. Washington* (1963), 372 U. S. 487, 83 Sup. Ct. 774, 9 L. Ed. (2d) 899.

Because of these decisions this court as a matter of course appoints counsel for all indigent defendants convicted of crime who within the one-year statutory period appeal to this court or request a writ of error, or who timely seek review here of any order denying a new trial or writ of error *coram nobis*. However, in cases of applications for writs of *habeas corpus* made by convicted defendants after the time for appeal or obtaining a writ of error has expired, we appoint counsel only when we find the application arguably meritorious.

After careful consideration of the problem we hold that a trial court is not required to appoint counsel for every defendant convicted of crime who files a post-conviction motion, but only in those cases where the motion is arguably meritorious. Under this rule the test on review by this

court will be whether the trial court abused its discretion in not appointing counsel to prosecute the motion.

Applying that test to the instant appeal we find that defendant's motion was arguably meritorious with respect to the claimed denial of counsel at time of sentencing. However, the abuse of discretion on the part of the trial court in not appointing counsel to represent defendant in prosecuting his motion will be fully rectified by the provisions of our mandate. Because no constitutional right was denied defendant by the trial court in failing to appoint counsel to prosecute the motion, we hold that this failure does not afford the basis for relief with respect to the other grounds advanced by defendant in his motion which we have found to be without merit.

*By the Court.*—Order reversed, and cause remanded with directions to set aside the three sentences of defendant and to order defendant's return from prison for resentencing.