**UNITED STATES ex rel. Samuel CHABONIAN, Petitioner,**

v.

**Ramon GRAY, Warden of the Wisconsin State Prison at Waupun, Wisconsin, Respondent.**

Civ. A. No. 73–C–129.

United States District Court,
E. D. Wisconsin.

Sept. 4, 1975.

William M. Coffey, Milwaukee, Wis., for petitioner.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Samuel Chabonian has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, et seq., on the ground that his incarceration is in violation of the United States Constitution.

On April 24, 1967, Chabonian appeared with counsel in the circuit court for Milwaukee County and entered a plea of guilty to a charge of burglary under §§ 943.10(1)(a) and 939.05, Wis.Stats. (party to a crime). On May 24, 1967, petitioner was sentenced to a term of four years. Execution of the sentence was stayed by the trial court and petitioner was placed on probation for a period of three years. On April 17, 1968, the probationary period was extended for a period of five additional years. On September 24, 1971, subsequent to a hearing, petitioner was found to have violated the terms and conditions of his probation and was sentenced to a term of four years at the Wisconsin State Prison at Waupun, Wisconsin.

On November 23, 1971, petitioner filed a post-conviction motion pursuant to § 974.06, Wis.Stats., moving the trial for entry of an order vacating the judgment of conviction and sentence and granting him a trial. This motion was subsequently denied on February 18, 1972, and petitioner appealed the denial to the Wisconsin Supreme Court. On October 3, 1972, the Wisconsin Supreme Court affirmed the judgment of conviction, State v. Chabonian, 55 Wis.2d 723, 201 N.W.2d 25 (1972). Following the denial of petitioner's appeal, he filed the instant petition in this court.

### I. Jurisdiction

Jurisdiction is present in this action under 28 U.S.C. § 2254. The petitioner was "in custody" pursuant to a judgment of a court of the State of Wisconsin at the time the petition was filed and has exhausted his available state remedies before resorting to this court. The basis for Chabonian's petition for habeas corpus is his contention that the plea entered on April 24, 1974, was not "knowingly" made and that the testimony of the defendant elicited in support of the guilty plea showed a defense to the charge and that the trial court erred in accepting the plea under the circumstances.

### II. Facts

The essential facts are set in the Wisconsin Supreme Court opinion of State v. Chabonian, 55 Wis.2d 723, 726, 201 N.W.2d 25, 27 (1972):

"At the arraignment on April 24, 1967, the defendant was represented by counsel. At the outset, the judge asked the defendant whether the guilty plea was being entered with his full knowledge and consent, whether any threats or promises had been made to induce a plea of guilty, and whether he understood that a possible sentence of ten years imprisonment could be imposed. To each question, the defendant gave the answer appropriate to the acceptance of the guilty plea. Thereafter, a police officer was called to testify in support of the state's prima facia case.

"Officer O'Brien testified that he and his partner had been dispatched to a parking-lot structure, where there had been reports of strange noises in the building. As they drove into the driveway of the parking lot, an automobile driven by the defendant Chabonian, attempted to leave the premises. The automobile was stopped, but Chabonian was not questioned, for at that time Officer O'Brien's partner announced that the office door was open and someone was inside. Chabonian was permitted to leave, and the police officers immediately entered the parking lot office, where they found two individuals, the Hergan brothers, attempting to open the office safes. They were arrested, and Chabonian was picked up a short time later.

"According to the testimony of O'Brien, Chabonian admitted that he had met the two safecrackers at a bowling alley. Chabonian told the officers that, prior to the arrival at the parking lot, the other two men told him they were 'going to knock off the Avenue Parking lot office.' Chabonian remained at the scene while the two Hergan brothers removed the pane of glass from the office window. There was testimony that Chabonian earlier in the evening had agreed with the Hergans to enter the parking lot premises.

"Chabonian took the stand in support of his plea of guilty. He stated that, just before they got to the scene of the crime, the brothers told him that their intention was to burglarize the parking lot. The following exchange took place between the defendant and his counsel:

"'Q. What did they tell you?

"'A. I asked—I said where are we going. They said, "We are going to go over there and rob the parking lot," or whatever it is.

"'Q. And you readily went along with them, right?

"'A. Right. I went along with them."

"Chabonian then stated, in response to his counsel's question, that he had remained there for five or ten minutes when the thought occurred to him, '"What the hell am I doing here?" So I proceeded to leave.'"

Based on his testimony at the arraignment, defendant now contends that he never gave his consent to the commission of the crime and that he made a timely withdrawal from the course of the criminal conduct. Consequently, defendant claims that the testimony elicited at the hearing raised an arguable defense and that, therefore, it was error for the trial court to accept the plea.

III.

■ Petitioner contends that his plea was not "knowingly" made under the decision of *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In *McCarthy*, the Supreme Court held that in federal criminal proceedings—

"'* * * The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" 394 U.S. at 467, 89 S.Ct. at 1171.

In *Ernst v. State*, 43 Wis,2d 661, 170 N.W.2d 713 (1969), the Wisconsin Supreme Court, applying *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), held that the *McCarthy* rationale was to be applied to state criminal proceedings prospectively. Because of the prospective application of *McCarthy* and *Boykin*, those decisions are not applicable to this habeas corpus proceeding. As the Wisconsin Supreme Court stated in *State v. Chabonian*, 55 Wis.2d 723, 728, 201 N.W.2d 25 the law applicable to the taking of this plea in 1967 is set forth in *State v. Strickland*, 27 Wis.2d 623, 631, 135 N.W.2d 295, 301 (1965), wherein the court held that where counsel is present—

"'* * * Courts have the right to assume in such a situation that counsel has fulfilled his duty of proper representation by fully explaining to the accused the nature of the offense charged, the range of penalties, and possible defenses thereto, and satisfying himself that the accused under-

stands such explanations, before permitting the accused to authorize the entry of a plea of guilty. * * *"

Thus it can be assumed that the merits of any possible defenses were discussed by the petitioner and his attorney and that the plea was knowingly made.

### IV.

■ Independent of the *Strickland* presumption and even if *McCarthy,* supra, was applied to this case, this court believes that the conduct which petitioner admitted at the arraignment constituted the offense charged and that his testimony did not indicate that he had any viable defenses available to him such that the trial court could not reasonably accept the plea. Petitioner acknowledged that prior to arriving at the scene of the crime, the Hergan brothers told him of their intent to burglarize the parking lot. With this knowledge, Chabonian willfully drove the burglars to the parking structure and thus committed an act in furtherance of the crime. At the scene of the breakin, Chabonian agreed that he would "rev up" the engine to sound the alarm if anyone came. He admitted that he stayed at the scene for five to ten minutes. This admitted conduct constitutes sufficient complicity in the offense for the trial court to reasonably accept the petitioner's plea of guilty to burglary (party to a crime) § 939.05.

■ Finally, petitioner contends that even if his conduct were criminal, his testimony at the arraignment revealed the defense of withdrawal. While it is uncontroverted that Chabonian voluntarily abandoned the Hergan brothers, it is equally uncontroverted that the crime of buglary, i. e., the breaking and entering, occurred prior to defendants' physical withdrawal from the scene. In addition, Chabonian never notified the others of his intent to withdraw. Section 939.05 of the Wisconsin Statutes, under which Chabonian was charged, provides:

"(2) A person is concerned in the commission of the crime if he:

\* \* \* \* \* \*

"(c) is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it.

\* \* \* \* \* \*

"This paragraph does not apply to a person who voluntarily changes his mind and no longer desires that the crime be committed and notifies the other parties concerned of his withdrawal within a reasonable time before the commission of the crime so as to allow the others also to withdraw."

Consequently, petitioner's alleged defense of withdrawal is defective because it came after the crime was in progress, and Chabonian never notified the Hergan brothers of his withdrawal as required by § 939.05(2)(c).

For the foregoing reasons, this court finds that the trial court properly accepted petitioner's plea of guilty and that the acceptance of the plea and petitioner's subsequent detention was not in violation of any right guaranteed by the Constitution or laws of the United States.

It is therefore Ordered that judgment be entered denying a writ of habeas corpus and dismissing the petition.